IN THE UNITED STATES BANKRUPTCY COURT
FOR THE WESTERN DISTRICT OF TENNESSEE
MEMPHIS DIVISION

| | |
|---|---|
| IN RE: ) | |
| ) | **Case No. 23-23313** |
| **HOLIDAY HAM HOLDINGS, LLC,** ) | **Chapter 11** |
| ) | **Judge M. Ruthie Hagan** |
| **Debtor.** ) | |

**MOTION FOR RELIEF FROM THE STAY AND ABANDONMENT, OR ALTERNATIVELY, FOR ADEQUATE PROTECTION PAYMENTS**

Comes Pinnacle Bank (hereinafter "Movant" or the "Bank"), a secured creditor herein, by and through counsel, pursuant to 11 U.S.C. §362(d) and Rule 4001(a), and respectfully requests that the Court grant Movant relief from the automatic stay provisions of 11 USC §362, and for abandonment pursuant to 11 USC §554(b), of all collateral of Debtor in which Movant has a lien interest, or alternatively, for adequate protection payments with regard to the cash collateral and the equipment and inventory of Debtor in which Movant, has a recorded security interest. In support of this Motion, the Movant would show:

**JURISDICTION**

1.　This Court has jurisdiction over this matter pursuant to 28 U.S.C. §1334. This matter is a core proceeding pursuant to 28 U.S.C. § 157(b). Venue is proper in this Court pursuant to 28 U.S.C. § 1408 and 1409.

**FACTUAL BACKGROUND**

2. Debtor Holiday Ham Holdings, LLC, filed a Chapter 11 Bankruptcy Petition under Title 11 of the United States Bankruptcy Code on July 7, 2023.

3. The Bank is a secured creditor of the Debtor holding a valid and properly perfected security interest in all business assets of the Debtor (the "Collateral") per a Loan Security Agreement dated December 5, 2012, and a UCC Financing Statement filed with the Tennessee Secretary of State. A copy of the Proof of Claim in the amount of $665,474.03 filed by the Bank on July 17, 2023, evidencing this debt is attached as **Exhibit 1**. Also attached to this Claim was the December 5, 2012, Promissory Note (Account No. 50-03) (the "Note") in the original amount of $1,850,000.00 executed by Jordan Enterprises, LLC.

4. Debtor Holiday Ham Holdings, LLC, joined in the obligation of the debt pursuant to a First Amendment to Loan and Security Agreement and Other Loan Documents ("First Amendment") dated December 29, 2015. A copy of the First Amendment in attached to the Proof of Claim.

5. Debtor has been operating its business since Debtor's Bankruptcy filing, and has been impermissibly using the cash collateral in which Movant has a lien interest without the consent and/or the agreement of Movant to do so.

6. Additionally, Debtor has now filed an Expedited Motion to Approve Sale of Assets [Doc. 12], all of which are secured by the lien of the Bank, while proposing to keep all proceeds of the sale.

7. As of the filing of this Motion, Debtor has not provided a fair market value of its total business assets, including equipment and inventory collateral.

8. Movant is entitled to termination of the automatic stay under 11 U.S.C. § 362(d)(1) for cause. Debtor's ongoing default in making payments to Movant under its Note is

impairing Movant's security interest in the Collateral, and this default also constitutes a lack of adequate protection of Movant's security interest in the Collateral.

9. Movant is entitled also to termination of the automatic stay under 11 U.S.C. § 362(d)(2). Section 362(d)(2) provides that, on the request of a party in interest, the Court shall grant relief from the automatic stay where the Debtor does not have equity in the property, and the property is not necessary for an effective reorganization. From the filings before the Court, Debtor has not shown that it has any equity in the Collateral. While the Collateral is being used by the Debtor as part of its ongoing business operations, there has been no showing that the collateral is necessary for an effective reorganization.

10. Debtor's continued use of the Collateral, including the equipment and inventory specified herein, is resulting in ongoing depreciation of this Collateral and the Debtor's continued use of its accounts receivable constitutes an ongoing dissipation of its cash collateral for which Movant is not receiving adequate protection.

11. Movant is entitled to abandonment under 11 U.S.C. § 554 with respect to the Collateral, as the Collateral is of inconsequential value and benefit to the estate.

12. Thus, Movant is entitled to relief from the automatic stay under 11 U.S.C. § 362(d)(1) and (d)(2), and to abandonment under 11 U.S.C. § 554. The 14-day requirement pursuant to F.R.B.P. 4001(a)(3) should be waived.

13. No Trustee has been appointed and the Debtor continues to manage its operations as a Debtor-In-Possession.

**WHEREFORE**, Movant requests that the Court grant Movant relief from the Automatic Stay of 11 USC §362, and for abandonment of all the Collateral of Debtor pursuant to 11 USC §554(b), with the 14 day period waived, to allow Movant to proceed with the enforcement of its

security interest in the Collateral, or alternatively that Movant be awarded monthly adequate protection payments to compensate Movant for Debtor's continuing use of the cash collateral (all accounts receivable) in which Movant has a lien interest <u>and</u> for the admitted depreciation and/or dissipation of the equipment and inventory collateral being used in Debtor's business operations to adequately protect Movant's security interest in the same. Movant also requests such other further and general relief as to which it may show entitlement.

        Respectfully submitted,

        */s/ Matthew R. Murphy*
        Matthew R. Murphy (#24627)
        **Smythe Huff & Murphy, PC**
        1222 16th Avenue South, Suite 301
        Nashville, Tennessee 37212
        Phone: (615) 255-4849
        Fax: (615) 255-4855
        mmurphy@smythehuff.com
        *Attorneys for Pinnacle Bank*

## CERTIFICATE OF SERVICE

    I hereby certify that a true and exact copy of the foregoing was electronically filed with the Court, served via CM/ECF Electronic Mail on the Debtors' Attorney, the U.S. Trustee, the Subchapter V Trustee, and was mailed to the twenty largest unsecured creditors not receiving electronic notice on July 18, 2023.

        */s/ Matthew R. Murphy*
        Matthew R. Murphy