**UNITED STATES BANKRUPTCY COURT**
**WESTERN DISTRICT OF TENNESSEE**
**WESTERN DIVISION**

---

IN RE:  **HOLIDAY HAM HOLDINGS, LLC,**              **Case No. 23-23313-MRH**

       **DEBTOR.**                                          **Chapter 11**

---

**UNITED STATES TRUSTEE'S OBJECTION TO DEBTOR'S EXPEDITED MOTION
TO APPROVE SALE OF ASSETS OF DEBTOR OUTSIDE ORDINARY COURSE OF
BUSINESS PURSUANT TO 11 U.S.C. § 363 AND ASSUMPTION AND ASSIGNMENT
OF EXECUTORY CONTRACTS PURSUANT TO 11 U.S.C. § 365**

---

Paul A. Randolph, the Acting United States Trustee for Region 8 ("United States Trustee"), objects to the Debtor's Expedited Motion to Approve Sale of Assets of Debtor Outside Ordinary Course of Business Pursuant to 11 U.S.C. § 363 and Assumption and Assignment of Executory Contracts Pursuant to 11 U.S.C. § 365 ("Motion") filed by Holiday Ham Holdings, LLC ("Debtor"). The hearing on the Motion has not been scheduled at this time. In support of this Objection, the United States Trustee states:

1.     Under (i) 28 U.S.C. § 1334, (ii) (an) applicable order(s) of the United States District Court for the Western District of Tennessee issued pursuant to 28 U.S.C. § 157(a), and (iii) 28 U.S.C. § 157(b)(2), this Court has jurisdiction to hear and determine the Motion and this Objection.

2.     Under 28 U.S.C. § 586(a)(3)(I), the United States Trustee is charged with monitoring applications filed under 11 U.S.C. § 327 "and, whenever the United States trustee deems it to be appropriate, filing with the court comments with respect to the approval of such applications."  This duty is part of the United States Trustee's responsibility to enforce the laws as written by Congress and interpreted by the courts. *See United States Trustee v. Columbia Gas*

*Sys., Inc. (In re Columbia Gas Sys., Inc.)*, 33 F.3d 294, 295-96 (3d Cir. 1994) (noting that U.S. Trustee has "public interest standing" under 11 U.S.C. § 307 which goes beyond mere pecuniary interest); *Morgenstern v. Revco D.S., Inc. (In re Revco D.S., Inc.)*, 898 F.2d 498, 500 (6th Cir. 1990) (describing the U.S. Trustee as a "watchdog").

3.      Under 11 U.S.C. § 307, the United States Trustee has standing to be heard on the issues raised by this Objection.

4.      On July 7, 2023, the Debtor filed a voluntary petition under Subchapter V of Chapter 11 of Title 11 of the United States Code ("Bankruptcy Code"). Because the Debtor elected to proceed under Subchapter V, no creditors' committee was solicited and appointed. *See 11 U.S.C. §1102(a)(3).*

5.      On July 14, 2023, the Debtor filed the Motion seeking approval of the sale of certain business assets and assignment of executory contracts ("Assets").

6.      Fed.R.Bankr.P. 4001(d)(1)(A) requires that a sale motion be accompanied by an agreement to sell property and a proposed form order.

7.      The Debtor did not attach the Letter of Intent or proposed form of order with the Motion, therefore substantially failing to comply with Fed.R.Bankr.P. 4001.

8.      The Motion proposes to sell the assets in a private sale to Lift SPV 231, LLC ("Proposed Buyer") for $250,000.00.

9.      11 U.S.C. § 1107 provides a debtor in possession with the rights, powers, and the ability to perform the functions and duties of a trustee.

10.     11 U.S.C. § 363 grants the debtor in possession the power to sell property of the estate outside the course of ordinary business.

11.    A bankruptcy court may authorize the sale of the debtor's assets outside of the

ordinary course of business under 11 U.S.C. § 363(b)(1). *In re Barnhill's Buffet, Inc.*, 2008 WL

4527829 (Bankr. M.D. Tenn. 2008), citing *Stephens Industries, Inc. v. McClung*, 789 F.2d 386

(6th Cir. 1986); and *In re Aras Business Group, LLC*, Case No. 22-21415, at pg. 3 (Bankr. W.D.

Tenn. Aug. 25, 2022).

12.    "The Sixth Circuit follows the sound business purpose test in considering a sale of

a debtor's assets outside the ordinary course of business." *In re Woodberry*, 629 B.R. 239

(Bankr. E.D. Mich 2021).

13.    Factors that the Court considers when examining 363(b) sales under the sound

business purpose test include: "(1) a sound business reason or emergency justifies a pre-

confirmation sale; (2) adequate and reasonable notice of the sale was provided to interested

parties; (3) the sale has been proposed in good faith; and (4) the purchase price is fair and

reasonable." *In re Barnhill's Buffet, Inc.*, 2008 WL 4527829 (Bankr. M.D. Tenn. 2008).

14.    The Debtor has produced no evidence that the sale has a sound business purpose.

**<u>No Sound Business Reason or Emergency Justifies Pre-Confirmation Sale</u>**

15.    The Motion does not specifically state the business reason or emergency for the

sale pre-confirmation.

16.    However, Counsel for the Debtor stated at the hearing on the Motion to Shorten

Time of Notice of Hearing and Hearing Date held on July 20, 2023 stated that the sale proceeds

would be used to pay employees.

17.    The employees are not listed on the Debtor's Schedules as creditors.

18.     The Debtor does not have a pending motion to use or an order allowing it to use cash collateral at this time and would not be able to utilize the funds from the sale to pay employees without the permission of the Court.

19.     Pinnacle Bank, a secured creditor of the Debtor, has a lien on all assets of the Debtor and has not indicated that it is willing to release the lien.

20.     The Debtor's Motion does not identify Pinnacle as a creditor whose claim is secured by the property to be sold.

21.     Pinnacle Bank has filed a Motion to Prohibit Use of Cash Collateral in this case that is pending.

22.     The Motion does not describe how the proceeds from the sale would be distributed.

23.     The Debtor has not filed a motion to pay employees outside of the plan process.

24.     Therefore, any funds obtained as a result of the sale would not benefit the Debtor for the purposes sought.

**<u>No Adequate And Reasonable Notice Of Sale Provided</u>**

25.     The Debtor filed a Motion to Shorten Time of Notice of Hearing and Hearing Date regarding this Motion.

26.     The United States Trustee filed an Objection to that Motion and incorporates the Objection herein.

## Sale Not Proposed In Good Faith

27. The Motion does not provide information regarding if and how the assets were marketed or provide other information showing that the sale price is reasonable and the highest and best price for the assets.

28. The description of the assets to be sold is insufficient.

29. The Motion seeks to sell the assets of the Grocery Business which according to Paragraph 8 of the Motion includes: "All rights and obligations of Debtor with Kroger…arising under those executory contracts for the sale and purchase of the Pimentos Products…"

30. On the Debtor's recently filed Schedule A/B, Line 15.3 under Part 4: "Investments" identifies Holiday Commissary, LLC as "a separate subsidiary but treated as just a profit center under Holiday Ham Holdings, LLC operating the grocery division selling to Kroger."

31. Neither the Motion nor the Letter of Intent mentions Holiday Commissary, LLC and whether the grocery division's assets belong to it or the Debtor and there is no information about what would happen to Holiday Commissary, LLC as a result of the sale.

32. The contract with Kroger is not listed on the Debtor's Schedule G or anywhere else in the Debtor's Schedules.

33. It is unclear what value is received from the contract with Kroger.

34. The Letter of Intent relied on in the Motion states that the letter "is not intended to be and does not constitute a binding or enforceable agreement but merely an outline for negotiation…" The true terms of the proposed sale are uncertain because there has been no asset

purchase agreement, leaving the Court and interested parties without a clear picture of what is actually being sold and for what amount.

35.    The Motion provides insufficient information about the proposed buyer and the proposed buyer LLC's members.

36.    Debtor has not provided any information about how the buyer was identified or any details about nature or duration of the negotiations with the buyer to reach the agreed to price.

37.    "A prudent trustee would obviously test the market to determine how to obtain the most benefit for the estate. *First Union National Bank of Florida v. Tenn-Fla Partners (In re Tenn-Fla Partners), 170 B.R. 946, 968 (Bankr. W.D. Tenn. 1994) (reversed in part on unrelated grounds 229 B.R. 720 (W.D. Tenn. 1999)).*

38.    There has been no record or evidence provided that the proposed buyer exists as a legal entity registered to do business in the State of Tennessee.

39.    The Debtor has not provided any evidence of due diligence completed by the buyer utilized for purposes of preparing the Letter of Intent.

40.    The Motion states that a Director of the Debtor is a member of the proposed buyer, which would make that individual an insider as contemplated by 11 U.S.C. § 101 (31). The same Director is assumed to be an Equity Holder of the Debtor. However, without further information, the United States Trustee is unable to determine whether the proposed buyer LLC would be considered an insider, or alternatively that the sale involves an arms-length transaction.

41.    More information needs to be provided about the relationship between the proposed buyer and the Debtor, as well as the members of the proposed buyer LLC.

42.  There have been no signed copies of the executory contracts that the Motion seeks to be assigned filed with the Court or provided to the United States Trustee.

43.  The Motion proposes to assign a "Management Contract" that the Debtor has with Belle Meade Social, but the contract is not listed on the Debtor's Schedule G, nor is Belle Meade Social listed in the Petitions, Schedules, of Statement of Financial Affairs as a company that the Debtor has ownership or interest in.

44.  It is also unclear what value is received by the Debtor as a result of maintaining the "Management Contract."

45.  The Debtor requests that an Order approving the sale be final and non-appealable. The United States Trustee objects to any Order entered being non-appealable.

## No Proof That Purchase Price Fair And Reasonable

46.  As mentioned *supra*, the Motion does not provide information regarding if and how the assets were marketed or provide other information showing that the sale price is reasonable and the highest and best price for the assets.

47.  The Motion does not provide information regarding how the parties arrived at the sale amount of $250,000.00.

48.  There has been no evidence of the market value of the assets.

49.  There has been no information provided about any alternative sales proposals or other prospective buyers.

50.  There is no way to determine whether the Debtor is receiving highest and best offer or that the sale price comports with current market value.

51.    On Line 60 "Patents, copyrights, trademarks, and trade secrets" under Part 10 on the recently filed Official Form 206Sum "Summary of Assets and Liabilities for Non-Individuals," the Debtor values "Trademark for Pimentos Burgers, Bar and Grill at $50,000.00, "Holiday Deli & Ham Co." at $50,000, and "Grocery Division IP" at $150,000.00 for a total of $250,000.00 on Line 66.

52.    Neither the Letter of Intent, nor the Motion mentions the trademarks for Pimentos Burgers, Bar and Grill or Holiday Deli & Ham Co. as assets being sold as a part of the agreement, so it is unclear whether the amount of $250,000.00 takes these into consideration as a part of the price since the Grocery Division IP is valued at only $150,000.00.

53.    It is unclear whether the Debtor and consequently the bankruptcy Estate have had the benefit of the involvement of a professional in advising the Debtor about the value of the assets and the fairness of the price.

54.    The Debtor has not produced any evidence of the market value of the assets to be sold, marketing attempts, alternative sales proposals, or other prospective buyers.

55.    Accordingly, there is no way for the Court or other interested parties to determine if the Debtor is receiving the highest and best price for the assets or if the sale price comports with current market value of the assets.

56.    The sale of the Property should not be authorized absent employment of a professional to advise the Debtor as to the valuation of its assets and the benefits and detriments of the proposed transaction.

57.    The granting of the Motion should be conditioned upon clarification that the proposed sale excludes any avoidance actions, whether under Chapter 5 of the Bankruptcy Code or under state law.

58.    The United States Trustee requests that if an Order entered approving the Motion, that the Order requires a plan to be confirmed, or that the case be converted to a case under Chapter 7.

**WHEREFORE**, the United States Trustee requests that the Court:

1.    Deny the Motion pending resolution of the issues raised herein.

2.    Grant the United States Trustee a hearing on this Objection.

3.    Grant the United States Trustee such additional, general relief to which the United States Trustee may be entitled.

Respectfully submitted,
PAUL A. RANDOLPH,
ACTING UNITED STATES TRUSTEE, REGION 8

By:    /s/ Jamaal M. Walker
JAMAAL M. WALKER, Trial Attorney (#33764)
Office of the United States Trustee
200 Jefferson Avenue, Suite 400
Memphis, Tennessee 38103
(202) 934-4166
jamaal.walker@usdoj.gov

## CERTIFICATE OF SERVICE

I, Jamaal M. Walker, hereby certify this 27th day of July, 2023 service of a true and accurate copy of the foregoing by electronic means and/or via regular U.S. Mail, postage prepaid, to the following persons in accordance with Guideline 19B of the Amended Guidelines for Electronic Filing.

/s/ Jamaal M. Walker, Trial Attorney (#33764)

Debtor
Attorney for the Debtor
All parties requesting notice