**Dated: August 15, 2023**
**The following is ORDERED:**



_____
**M. Ruthie Hagan**
**UNITED STATES BANKRUPTCY JUDGE**

_____

**UNITED STATES BANKRUPTCY COURT**
**WESTERN DISTRICT OF TENNESSEE**
**WESTERN DIVISION**
_____

**IN RE:**

**HOLIDAY HAM HOLDINGS, LLC**                    **CASE NO. 23-23313**

**Debtor.**                                                            **CHAPTER 11**
_____

**CONSENT ORDER REJECTING LEASE**
**AND GRANTING RELIEF FROM AUTOMATIC STAY**
_____

Crown Centre, LLC ("Landlord"), and Holiday Ham Holdings, LLC ("Debtor"), by and through counsel of record, do hereby announce by consent and the Court does hereby find as follows:

1. Debtor filed a petition in this Court pursuant to Chapter 11 of the United States Bankruptcy Code on July 7, 2023.

2. Jordan Enterprises, LLC ("JE") entered into a valid Lease Agreement (the "Lease") with Landlord dated June 11, 2015, concerning real property commonly known as 6450 Poplar Avenue, Suite 123, Memphis, Tennessee 38120 which includes exterior for purposes of this Order (the "Premises") for operation of a restaurant d/b/a Pimento's.

3. Lucius D. Jordan, III ("Trey Jordan") pledged to be held liable for the obligations of the

Lease in a fully executed Lease Guaranty ("Jordan Guaranty") on June 11, 2015.

4. Debtor also pledged to be held liable for the obligations of JE in a fully executed Lease Guaranty ("Debtor Guaranty") on November 18, 2015.

5. JE entered into a Contribution and Exchange Agreement ("C&E Agreement") on November 9, 2015 wherein JE assigned to Holiday Crown Centre, LLC ("Tenant") its interest in the Lease.

6. The Lease and Guaranties were modified by agreement of the parties from time to time (collectively the "Lease Documents") all of which are incorporated herein by reference as if copied verbatim.

7. Tenant is a wholly owned subsidiary of Debtor, Holiday Ham Holdings, LLC.

8. The amount past due under the Lease as of July 31, 2023 was:

    a. Tenant Reimbursements for April 2023 – June 2023:   13,462.73

    b. Monthly Rent arrearage for May 2023 – June 2023:   30,881.92

    c. Late Charges on Rent for May 2023 – June 2023:   2,146.66

    d. Monthly Rent for July 2023   15,440.26

    e. Tenant Reimbursements for July 2023   6,025.60

    f. *Total*:   $67,957.87

9. Landlord agreed to discharge the full amount of past due rent, fees and expenses, to release any and all future liability of Tenant under the Lease, to release the Debtor Guaranty and to release the Jordan Guaranty and/or all the Lease Documents as modified, provided that the Tenant vacate the Premises, remove all personal property, repair damage to the Premises from removal of personal property, leave the Premises in broom clean condition and return the keys to Landlord on or before July 31, 2023.

10. The Tenant, for the most part, vacated the Premises and returned keys to Landlord on the aforementioned date.

11. Remaining in and on the Premises are certain items of equipment and/or fixtures (the "Personal Property" belonging to third parties and/or subject to the security interest of third parties including but not limited to:

> Commercial gas containers to operate soda dispenser
>
> Condensers located on roof that operate walk in coolers
>
> Vent-a-hood
>
> Signage
>
> Sprinkler Heads moved to remove coolers

12. At Landlord's discretion, Trey Jordan shall remove or cause to be removed the Personal Property, and hold the Personal Property for the aforementioned third parties in interest, and repair any damage to the Premises and/or reimburse Landlord for its expenses in the repair of damage to the Premises.  The Parties agree that removal of the Personal Property cannot be done without damage to the Premises.  Landlord has incurred Fire Security Invoice SFP 039077 in the amount of $855.00 to move sprinkler heads to allow for removal of coolers which it has paid.  Trey Jordan is in receipt of said invoice and has agreed to promptly reimburse Landlord.  Trey Jordan's continued cooperation and fulfillment of the conditions of this paragraph are a condition of the release of any remaining liability under his guaranty.  Upon Trey Jordan's substantial completion of his obligations in this paragraph, Landlord shall return Jordan's personal guaranty, as modified, marked canceled, and he shall be released of any further liability.

13. The Lease is hereby rejected pursuant to 11 U.S.C § 365 et seq.

14. To the extent an automatic stay exists, Landlord is hereby granted relief from the stay

under 11 U.S.C § 362(d).

15. Landlord is free to continue actively marketing the Premises in order to secure a lease with a new tenant.

It is so Ordered.

/s/ R. Lee Webber
R. Lee Webber (18266)
MARTIN, TATE, MORROW & MARSTON, P.C.
Attorneys for Creditor
6410 Poplar Avenue, Suite 1000
Memphis, TN 38119
(901) 522-9000; (f) 527-3746
File No: L12037.8


/s/ Toni Campbell Parker
Toni Campbell Parker (TN #6984)
Attorney for Debtor-in-Possession
45 North Third Avenue, suite 201
Memphis, TN 38103
(901) 483-1020

/s/ Craig M. Geno
Craig M. Geno
Chapter 11 Subchapter V Trustee
LAW OFFICE OF CRAIG M. GENO, PLLC
587 Highland Colony Parkway
Ridgeland, MS 39157
(601) 427-0048
cmgeno@cmgenolaw.com

CERTIFICATE OF SERVICE/PLEASE SERVE THE FOLLOWING

I, R. Lee Webber, do hereby certify that I have served a true and correct copy of the forgoing document on the following interested parties via U.S. Mail or the Court's ECF system this 14th day of August, 2023:

Matrix

/s/ R. Lee Webber
R. Lee Webber