**Dated: August 17, 2023**
**The following is ORDERED:**

_____
**M. Ruthie Hagan**
**UNITED STATES BANKRUPTCY JUDGE**

**UNITED STATES BANKRUPTCY COURT**
**WESTERN DISTRICT OF TENNESSEE**
**WESTERN DIVISION**

In re:    **HOLIDAY HAM HOLDINGS, LLC,**    Case No. 23-23313-MRH
**Debtor.**    Chapter 11

## ORDER

THIS CAUSE having come on for consideration of the *Motion to Require Escrowed Subchapter V Trustee Payments* (the "Motion") **[DK #59]** filed herein by Craig M. Geno, Subchapter V Trustee (the "Trustee"), and the Court having considered the Motion, and being fully advised in the premises, does hereby find as follows, to-wit:

1. Notice and a hearing were adequate and appropriate under the circumstances.

2. The Trustee has been appointed as the Subchapter V Trustee in this Chapter 11 case.

3. There is no statutory requirement for the Debtor-in-Possession in a Subchapter V case to pay, or even escrow, fees and expenses of the Trustee (or any Trustee for that matter) while the case is pending and before confirmation of a Plan.

4. In many instances, Subchapter V cases end up being dismissed, or converted to a case under Chapter 7, with no funds being paid to the Subchapter V Trustee.

5. In addition, a number of Subchapter V cases are filed that simply are not going to be able to submit a feasible Chapter 11 Plan, and the earlier the parties in the case know that, the better off everyone will be.

6.     Bearing all of these considerations in mind, the Court orders the Debtor to begin, on August 1, 2023, depositing the sum of $1,000.00 per month with the Trustee, to be held in escrow, pending an application for compensation and notice and a hearing in connection with such application. The escrowed funds will be used to defray the Trustee's compensation, if any.

7.     In the event the Debtor cannot afford to escrow $1,000.00 per month, or in the event the Debtor (or its equity security holders) are unwilling or unable to come up with $1,000.00 per month to fund an escrow, then the parties should know that sooner rather than later and take such action as necessary.

8.     Other courts around the country have granted similar motions in Subchapter V cases (although at least one court has declined to do so) and some courts either have pending local rules or standing orders requiring such retainers to be paid, subject to the fee application, notice and a hearing process.

9.     Accordingly, the Court hereby grants the Motion.

## END OF ORDER ##

SUBMITTED BY:

Craig M. Geno, Esq. - MSB No. 4793
LAW OFFICES OF CRAIG M. GENO, PLLC
587 Highland Colony Parkway
Ridgeland, MS 39157
(601) 427-0048 - Telephone
(601) 427-0050 - Facsimile
cmgeno@cmgenolaw.com
N:\Firm Data\Users\Bankrupt\Subchapter V Cases\Holiday Ham Holdings, LLC\Pleadings\Order - Mot to Require Escrowed SubV Trustee Payments 8-3-23.wpd