# IN THE UNITED STATES BANKRUPTCY COURT
# FOR THE WESTERN DISTRICT OF TENNESSEE
# WESTERN DIVISION

| | |
|---|---|
| In Re: ) | |
| ) | |
| HOLIDAY HAM HOLDINGS, LLC, ) | Case No. 23-23313 |
| ) | Chapter 11 |
| Debtor. ) | |
| ) | |

## ERINWAY PARTNERS, L.P.'S OBJECTION TO EXPEDITED MOTION TO SUBSTANTIVELY CONSOLIDATE CASE WITH HOLIDAY ERIN, LLC

COMES NOW ErinWay Partners, L.P. ("Landlord"), as a party-in-interest[1], by and through the undersigned counsel, and files this Objection to the Expedited Motion to Substantively Consolidate Case with Holiday Erin, LLC ("Motion to Consolidate") [Dkt. No. 73], filed by Debtor Holiday Ham Holdings, LLC ("HHH"). In further support of this Objection, Landlord states as follows:

### BACKGROUND FACTS AND PROCEDURAL HISTORY

1. On July 7, 2023 ("HHH Petition Date"), HHH, the alleged parent and holding company of affiliated Debtor Holiday Erin, LLC ("Erin"), filed a voluntary petition for relief under Chapter 11, Subchapter V of the United States Bankruptcy Code ("HHH Bankruptcy Case").

2. On July 28, 2023 ("Erin Petition Date"), Erin filed its own voluntary petition for relief under Chapter 11, Subchapter V of the United States Bankruptcy Code, as Case No. 23-23685 ("Erin Bankruptcy Case").

3. Both HHH and Erin (collectively, "Debtors") are currently operating as a debtors-in-possession pursuant to 11 U.S.C. § 1107(a).

---

[1] Landlord previously filed an Objection to the Erin Motion to Consolidate in the Erin Bankruptcy Case, as defined herein. However, and because the Motion to Consolidate filed in the HHH Bankruptcy Case would negatively and prejudicially impact Landlord, Landlord is filing a largely identical objection herein to preserve its rights.

1

4. Prior to the Erin Petition Date, Holiday Ham and Turkey, Inc. and White Station Partners, L.P. entered into that certain Standard Commercial Shopping Center Lease (as amended and/or modified from time to time, the "Lease Agreement") for lease and use of the premises located at 585 Erin Drive, Memphis, Tennessee 38119 ("Premises"). The Lease Agreement was subsequently assigned to Erin and Landlord, respectively, such that Erin and Landlord are the current parties to the Lease Agreement.

5. HHH filed its Bankruptcy Schedules and Statement of Financial Affairs on July 23, 2023 [Dkt. No. 41], which were subsequently amended the following day (collectively, with the amendments, the "HHH Schedules"). [Dkt. No. 43].

6. The HHH Schedules place a $600,000.00 going concern value on Erin, which includes the Lease Agreement and all equipment located at the Premises. [Dkt. No. 43, Part 8].

7. The HHH Schedules provide that the total liabilities for HHH alone are $3,362,852.87 [Dkt. No. 41], while the assets of HHH only amount to $1,697.540.67—which includes the value of Erin. [Dkt. No. 43].

8. On August 15, 2023, Erin filed its own Bankruptcy Schedules and Statement of Financial Affairs (collectively, "Erin Schedules"). [Dkt. No. 27]. Erin's Schedules currently show Landlord as the only creditor with a quantifiable claim against Erin in the total amount of $189,561.05. [*See* Dkt. No. 27, Sch. E/F].

9. Though Toast is listed on the Schedules as a creditor of Erin, the amount of Toast's claim is listed as $0.00. [*Id.*]. In the Motion to Consolidate, HHH indicated that "there is an unsecured debt to Toast for $68,222." [Dkt. No. 73, ¶ 3].[2]

---

[2] At the August 21, 2023, 11 U.S.C. § 341 meeting of creditors ("Meeting of Creditors"), Erin indicated it would be amending its Schedules to modify the amount of the debt owed to Toast. For purposes of this Objection, however, the amount owed to Toast does not change the overall analysis of substantive consolidation.

10. No other creditors of Erin have been disclosed, and Erin has not identified <u>any</u> real or personal assets.[3]

11. On August 8, 2023, Erin filed an Expedited Motion to Substantively Consolidate Case with Holiday Hams Holdings, LLC ("<u>Erin Motion to Consolidate</u>"), requesting that this Court substantively consolidate the bankruptcy cases and estates of Erin and HHH. [Erin Bankruptcy Case Dkt. No. 20]. HHH filed its own Motion to Consolidate on August 9, 2023, seeking identical relief. [Dkt. No. 73].

12. For the reasons discussed herein, Landlord opposes the Motion to Consolidate, as the substantive consolidation is unwarranted under the circumstances herein and would severely prejudice the rights of Landlord. As a result, Landlord respectfully requests that this Court deny HHH's Motion to Consolidate.

## LAW AND ARGUMENT

**A.    Standard of Review.**

13. "Substantive consolidation in bankruptcy is a process by which the assets and liabilities of different entities are consolidated and treated as a single entity. The consolidated assets create a single fund from which all of the claims against the consolidated debtors are satisfied." *In re American HomePatient, Inc.*, 298 B.R. 152, 164 (Bankr. M.D. Tenn. 2003) (citations omitted). In other words, substantive consolidation of bankruptcy estates results in "pooling the assets of, and claims against the two entities; satisfying liability from the resultant common fund; eliminating inter-company claims; and combining the creditors of the two companies for purposes of voting on reorganization plans." *In re Las Torres Development, LLC*,

---

[3]    At the Meeting of Creditors, Erin did identify a nominal security deposit, believed to be valued at approximately $6,000.00, as an asset, and Erin testified that it would update its Schedules accordingly.

413 B.R. 687, 692 (Bankr. S.D. Tex. 2009); *see also In re Walker*, 566 B.R. 503, 525 (Bankr. E.D. Tenn. 2017).

14. Indeed, "[s]ubstantive consolidation is a power which should be used sparingly, for while the term has a disarmingly innocent sound, consolidation in bankruptcy is no mere instrument of procedural convenience like joint administration under Bankr. R. 1015, but is a measure vitally affecting substantive rights of creditors." *In re Julien Co.*, 120 B.R. 930, 935 (Bankr. W.D. Tenn. 1990) (citations omitted). As a result, not all bankruptcy cases of related entities are ripe for substantive consolidation. "Substantive consolidation is employed in cases where the interrelationships of the debtors are hopelessly obscured and the time and expense necessary to attempt to unscramble them is so substantial as to threaten the realization of any net assets for all of the creditors." *In re American HomePatient*, 298 B.R. at 165.

15. Sixth Circuit guidance on substantive consolidation is sparse, as the Sixth Circuit has not yet identified any specific tests that bankruptcy courts should employ when evaluating the propriety of substantive consolidation. However, in the relatively recent case of *In re Walker*, the Bankruptcy Court for the Eastern District of Tennessee included a detailed analysis of the multiple and various tests that bankruptcy courts across the country use when evaluating whether substantive consolidation is appropriate. *See In re Walker*, 566 B.R. 525-32.

16. First, in *Eastgroup Properties v. Southern Motel Ass'n*, 935 F.2d 245 (11th Cir. 1991), the Eleventh Circuit found that the party requesting substantive consolidation must show "(1) there is substantial identity between the entities to be consolidated; and (2) consolidation is necessary to avoid some harm or to realize some benefit." *Id*. at 249 (citations omitted). If a movant is successful in establishing these factors, "a presumption arises that creditors have not relied solely on the credit of one of the entities involved" and the "burden shifts to an objecting

4

creditor to show that (1) it has relied on the separate credit of one of the entities to be consolidated; and (2) it will be prejudiced by the substantive consolidation." *Id.* (citing *In re Auto-train*, 810 F.2d 270, 276 (D.C. Cir. 1987)).

17.     The second test was established by the Second Circuit case of *In re Augie/Restivo Baking Co., Ltd.*, 860 F.2d 515 (2d Cir. 1988), wherein the court considered the following "critical" factors: (1) "whether creditors dealt with the entities as a single economic unit and did not rely on their separate identify in extending credit;" or (2) "whether the affairs of the debtors are so entangled that consolidation will benefit all creditors." *Id.* at 518.

18.     The Third Circuit Court of Appeals has similarly weighed in, finding that (after a lengthy discussion of the principles underlying substantive consolidation in the bankruptcy context) a party requesting substantive consolidation must establish "that (i) prepetition they disregarded separateness so significantly their creditors relied on the breakdown of entity borders and treated them as one legal entity, or (ii) postpetition their assets and liabilities are so scrambled that separating them is prohibitive and hurts all creditors." *In re Owens Corning*, 419 F.3d 195, 211 (3rd Cir. 2006) (citations omitted). To establish the first factor, the Third Circuit found that it requires "a proponent [to] prove[] corporate disregard creating contractual expectations of creditors that they were dealing with debtors as one indistinguishable entity." *Id*. at 212 (citations omitted).

19.     In sum, though each test shares minute differences, each requires that a party prove (a) that the entities completely disregarded corporate formalities and (b) that untangling the assets and liabilities of the entities would do more harm than good. Each court further considered prejudice to the objecting party.

20. While not adopting the *Owens Corning* test explicitly, the Sixth Circuit Court of Appeals did recently apply the *Owens Corning* factors in finding that substantive consolidation was not appropriate in the case of *In re Howland.* 674 F. App'x 482, 488 n.3 (6th Cir. 2017) (noting that the Sixth Circuit "has not adopted a test for evaluating a substantive consolidation claim" and deciding not to do so in this instance because the trustee's claim failed under the proffered standard).

21. Ultimately, after thoroughly analyzing the above-referenced tests, the *In re Walker* Court elected to follow the Second Circuit parameters established in *Eastgroup*, noting that:

> The proponent is required to show that there is substantial identity between the debtor and the target. This can be shown through disregard of corporate separateness, joint ownership, or the circumstance where one entity exercises ultimate control over the assets and the other entity operates as a mere instrumentality of the debtor. The proponent must also demonstrate that the debtor's creditors will suffer great prejudice in the absence of consolidation than the target and its creditors will suffer from its imposition. The balancing of relative prejudice must heavily favor the debtor's creditors.
>
> This test also requires the target (or the target's creditors) to come forward to show the harm that will result from substantive consolidation. That evidentiary burden is shifted to the party with the most knowledge of the potential for harm. It also acknowledges that creditors of the debtor may interpose the target's complicity or knowledge of any fraud as a defense against the target's claim of harm. This court also finds this test may be more useful in a case with missing records and undocumented transfers such that a trustee may have difficulty proving the extent of the scrambling of assets and liabilities, especially if that information is controlled by the debtor through its control of the target.

*In re Walker*, 566 B.R. 531-32.

22. Considering all of the critical factors discussed above (which are all largely similar and/or duplicative), under the circumstances here, substantive consolidation should not be granted as it will severely and unfairly prejudice Landlord.

**B. Considering All Relevant Factors, The Bankruptcy Cases Of Erin and HHH Should Not Be Substantively Consolidated.**

23. First and foremost, though Erin and HHH are related entities, HHH has failed to establish how their corporate structure was disregarded or abandoned, such that their creditors perceived HHH and Erin to be a single entity.

24. A simple search of the Tennessee Secretary of State's website reveals that both Erin and HHH are currently active, distinct, and separate entities under Tennessee law. The fact that Erin's "prior account was a sweep account and the money swept each night [was] deposited into the accounts of HHH" does not, in and of itself, establish the interconnectedness of the entities. [Dkt. No. 73, ¶ 4].

25. Further, the fact that Erin operated only as a profit center for HHH and did not file separate federal taxes does not render the entities commingled. Upon information and belief, notwithstanding the fact that the Erin's prior account was swept to HHH each day, Erin kept separate financial records from HHH, as evidenced by the allegations included in HHH's own Motion to Consolidate. [Dkt. No. 73, ¶ 7].

26. Indeed, and as set forth above, the Lease Agreement is by and between Landlord and Erin —*not* HHH. And, the Lease Agreement precludes the assignment of the Lease Agreement by Erin —even if only to a related entity.

27. There can be no question that Erin and HHH maintained separate corporate formalities and identities prior to either of Debtors' respective Petition Dates. Landlord had no dealings with HHH with respect to the Lease Agreement (or, upon information and belief, any other contract), and to force Landlord into a pool of HHH's other creditors would be unfairly prejudicial to Landlord. *See In re Howland*, 674 F. App'x at 489 (finding that the first element of the *Owens Corning* test was not satisfied where the request for substantive consolidation "is devoid

7

of any factual allegations that any creditor relief on the debtor's disregard of corporate formalities in making a business decision in connection with either entity.").

28. HHH has not satisfied its burden to show that the corporate formalities of Erin and HHH completely disregarded in a manner that Landlord actually believed it was conducting business with HHH. As a result, HHH cannot satisfy the first element required for substantive consolidation.

29. Next, HHH has similarly failed to allege (much less establish) how the assets of Erin and HHH are so "scrambled" such that unwinding the transactions would do more harm than good. *See In re Howland*, 674 F. App'x at 490 (noting that the type of harm that substantive consolidation is designed to avoid "is the prospect that the debtors' interrelationships are so hopelessly obscured and the time and expense necessary to attempt to unscramble them are so substantial that it threatens the realization of any net assets for all of the creditors." (citations omitted)).

30. Indeed, the Motion to Consolidate demonstrates that, up until the Petition Date, Erin had its own bank account through which it conducted its own operations. [Dkt. No. 73, ¶ 4]. The fact that the Erin's prior account was swept into a HHH bank account does not change the fact that separate records were maintained.

31. HHH has offered no explanation as to why Erin's pre-petition bank account was closed, what is currently happening to the funds that belong to Erin and its separate bankruptcy estate, or why it would be unduly burdensome to resurrect the Erin's separate bank account. Indeed, the fact that Erin maintained a separate bank account from HHH inherently discounts the argument that the Erin's and HHH's finances are "hopelessly" commingled.

32. As a result, HHH has failed to show that untangling the estates of Erin and HHH would be overly burdensome, and has, therefore, failed to establish the second factor required for substantive consolidation.

33. Finally, Landlord will be unduly prejudiced if the Erin Bankruptcy Case is substantively consolidated with this case. As set forth above, Landlord is currently the only creditor of Erin, as identified in Erin's current Schedules. [Erin Bankruptcy Case Dkt. No. 27]. However, and even though Erin has not listed any assets, the <u>value</u> of Erin (which is currently listed in the HHH Schedules) will necessarily have to be removed from the HHH Schedules and added into Erin's Schedules as an asset. [Dkt. No. 43].

34. Therefore, by keeping the bankruptcy estates separate, Landlord is much more likely to actually recover the amounts owed by Erin. Substantive consolidation, on the other hand, would result in an unfair and prejudicial dilution of Landlord's claim.

35. Further, the creditors of HHH will not be prejudiced by denying the Motion to Consolidate. In the event Erin's value is actually $600,000.00 as a going concern, once Landlord's claim is paid in full in the current bankruptcy case, any remaining equity will flow up to HHH, as the sole member of Erin, for further distribution among HHH's creditors.

36. Overall, not only has Erin failed to establish both the necessity and propriety of substantive consolidation of the Erin's and HHH's bankruptcy estates, but Landlord stands to be unfairly and irreparably prejudiced as a result. As a result, the Court should deny the Motion to Consolidate.

37. To be clear, Landlord has no objection to the HHH's case being <u>jointly administered</u> with Erin Bankruptcy Case pursuant to Fed. R. Bankr. P. 1015(b). Landlord

understands and appreciates the administrative convenience that may be afforded (to both the parties and the Court) if joint administration is ordered.

## **CONCLUSION**

38. For the foregoing reasons, Landlord respectfully requests that this Court deny the Motion to Consolidate. Landlord would further request that this Court grant it such other and further relief that the Court deems necessary under the circumstances.

    Respectfully Submitted,

    BAKER, DONELSON, BEARMAN,
    CALDWELL & BERKOWITZ, P.C.

    /s/ *Locke Houston Waldrop*
    Locke Houston Waldrop (TNB # 033360)
    165 Madison Avenue, Suite 2000
    Memphis, Tennessee 38103
    Telephone: (901) 577-2385
    Email: lwaldrop@bakerdonelson.com

    ***Attorney for ErinWay Partners, L.P.***

## **CERTIFICATE OF SERVICE**

      I hereby certify that on the 22nd day of August, 2023, a copy of the foregoing was served on the parties listed below by first-class mail, postage prepaid, unless said party is a registered CM/ECF participant who has consented to electronic notice, and the Notice of Electronic Filing indicates that Notice was electronically mailed to said party:

| | |
|---|---|
| Holiday Erin LLC<br>9245 Poplar Ave., Ste. 5-146<br>Germantown, TN 38139-7903 | Toni Campbell Parker<br>Law Office of Toni Campbell Parker<br>45 N. Third, Ste. 201<br>Memphis, TN 38103 |
| Craig M. Geno<br>Law Offices of Craig M. Geno, PLLC<br>587 Highland Colony Parkway<br>Ridgeland, MS 39157 | Jamaal M. Walker<br>Office of the United States Trustee<br>200 Jefferson Avenue, Suite 400<br>Memphis, TN 38103 |
| U.S. Trustee<br>Office of the U.S. Trustee<br>One Memphis Place<br>200 Jefferson Avenue, Suite 400<br>Memphis, TN 38103 | |

                          /s/ *Locke Houston Waldrop*
                          Locke Houston Waldrop