UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF TENNESSEE

| | | |
|---|---|---|
| IN RE: | HOLIDAY HAM HOLDINGS, LLC, | Case No. 23-23313 |
| | | Chapter 11 |
| | Debtor. | |

CREDITORS JANE DOE 1, JOHN DOE, AND JANE DOE 2'S MOTION FOR CLARIFICATOIN THAT AN AUTOMATIC STAY DOES NOT APPLY OR, ALTERNATIVELY, TO LIFT THE AUTOMATIC STAY

Creditors Jane Doe 1, John Doe, and Jane Doe 2 (collectively, the "Doe Plaintiffs") file this Motion for Clarification that an Automatic Stay Does not Apply or, alternatively, to Lift the Automatic Stay pursuant to 11 U.S.C. § 362(d), and state in support as follows:

1. Jane Doe 1 was a minor and a waitress at Pimentos Burger Bar and Grill ("Pimentos") on June 14, 2022, when she was raped and sexually assaulted in the walk-in freezer by Pimentos' 43-year-old manager Fred Whitley.

2. John Doe and Jane Doe 2 are the parents of Jane Doe 1.

3. As a result of the incident, the minor Jane Doe 1 has sustained and will continue to sustain significant injuries, including, but not limited to, physical injuries, pain, physical assault and battery, suffering, emotional distress, mental anguish, embarrassment, humiliation, medical and/or other treatment costs, lost wages, lost benefits, and other damages. Her parents have sustained damages as well.

4. On September 2, 2022, the Doe Plaintiffs filed a complaint in the Circuit Court of Shelby County, Tennessee, alleging negligence, gross negligence, recklessness, assault, battery, false imprisonment, negligent infliction of emotional distress, intentional infliction of emotional distress, and invasion of privacy, and seeking compensatory damages of $20,000,000 and punitive damages

equal to the greater of $500,000 or twice the compensatory damages.  See Complaint in *Doe v. Holiday Crown Centre, LLC*, No. CT-3648-22 (Shelby County Circuit Court 2022), Exhibit 1.

5. On October 6, 2022, the Doe Plaintiffs also filed a charge of discrimination with the EEOC.  See Redacted EEOC Acknowledgment with EEOC Charge, Exhibit 2.

6. In both the Circuit Court and EEOC proceedings, the Does named **Holiday Crown Centre LLC d/b/a Pimentos Kitchen &Pimentos Kitchen & Market a/k/a Pimentos Burgers** as a defendant and respondent. See Exhibits 1 and 2.

7. Holiday Crown Centre LLC is not the Debtor in this bankruptcy proceeding.

8. The Debtor in this proceeding is Holiday Ham Holdings, LLC.

9. Upon information and belief, Holiday Crown Centre LLC is a subsidiary or affiliate of the Debtor, Holiday Ham Holdings, LLC.

10. Holiday Crown Centre LLC appears to have insurance that will or may cover the Doe Plaintiffs claims.  See "Order Denying Plaintiff's Motion for Judgment on the Pleadings and Granting Defendant's Motion for Partial Summary Judgment" in *Society Insurance v. Holiday Crown Centre, LLC*, No. 2:22-cv-2767-SHL-tmp (W.D. Tenn. 2023), Exhibit 3.

11. At the very least, Holiday Crown Centre LLC's insurance will cover the costs of defense for the Doe Plaintiffs' claims.

12. Furthermore, if coverage does exist and the insurer fails to settle within policy limits, the insurer can be liable for the total judgment recovered by the Doe Plaintiffs based on bad faith. *See Johnson v. Tennessee Farmers Mutual Insurance Company*, 205 S.W.3d 365, (Tenn. 2006) (ruling that insurer was liable based on bad faith for full jury award of $279,430.92 after insurer had refused to settle earlier with injured plaintiff for policy limits of $25,000).

13. The Doe Plaintiffs have already offered to settle for policy limits.

14. Holiday Crown Centre LLC filed a notice of bankruptcy in the Circuit Court case, so the Doe Plaintiffs now submit this motion to lift the automatic stay.

<u>The Automatic Stay does not apply to Holiday Crown Centre LLC's creditors</u>

15. The Court should rule that the automatic stay does not apply to non-debtor Holiday Crown Centre LLC's creditors.

16. "[T]he automatic stay does not, in general, apply to actions against parties who enjoy factual or legal relationships with a debtor such as a debtor's wholly owned subsidiaries." *In re Panther Mountain Land Development, LLC*, 686 F.3d 916, 923 (8th Cir. 2012); *see, e.g., Kreisler v. Goldberg,* 478 F.3d 209, 213 (4th Cir.2007) (rejecting application of the automatic stay to an action against the assets of a wholly owned subsidiary and stating, "It is a fundamental precept of corporate law that each corporation is a separate legal entity with its own debts and assets, even when such corporation is wholly owned by another corporate entity.... [A] judgment against [a debtor's wholly owned subsidiary] imposes no obligations or liability on [the debtor, who] therefore cannot be accurately described as the real-party defendant in the suit...."); *In re Calhoun,* 312 B.R. 380, 384 (Bankr. N.D. Iowa 2004); *In re HSM Kennewick, L.P.,* 347 B.R. 569, 571 (Bankr. N.D. Tex. 2006); *In re Aldape Telford Glazier, Inc.,* 410 B.R. 60, 65 (Bankr. D. Idaho 2009); *In re Brittain,* 435 B.R. 318, 321–22 (Bankr. D.S.C. 2010); *Murray v. Mares (In re Murray),* 147 B.R. 688, 690 (Bankr. E.D. Va. 1992).

17. In this case, the Doe Plaintiffs have filed a lawsuit against Holiday Crown Centre LLC, which is not the debtor in this bankruptcy.

18. The Doe Plaintiffs are not even listed as creditors in the Debtor's Petition. (Petition, Dkt. Ent. 1.)

19. There is no apparent connection between the debtor and the claims that the Doe Plaintiffs have filed against Holiday Crown Centre, LLC.

20. Therefore, the Court should rule that the automatic stay in this case does not apply to the separate legal entity, Holiday Crown Centre, LLC, or its creditors.

<u>Alternatively, the Court should lift the automatic stay as to the Doe Plaintiffs</u>

21. Alternatively, if the Court finds that the automatic stay applies to Holiday Crown Centre, LLC, then the Court should lift the automatic stay pursuant to 11 U.S.C. § 362(d).

22. 11 U.S.C. § 362(d)(1) allows a bankruptcy court to lift the automatic stay "for cause, including the lack of adequate protection of an interest in property of such party in interest."

23. A bankruptcy's court decision to lift the automatic stay is reviewed for an abuse of discretion. *Trident Assocs. Ltd. P'ship v. Metro. Life Ins. Co., (In re Trident Assocs. Ltd. P'ship)*, 52 F.3d 127, 130 (6th Cir. 1995).

24. "The burden of proof on a motion to lift or modify the automatic stay is a shifting one. Section 362(d)(1) requires an initial showing of cause by the movant, while Section 362(g) places the burden of proof on the debtor for all issues other than 'the debtor's equity in property.'" *In re Shultz*, 347 B.R. 115 at *3 (Bankr. App. 6th Cir. 2006) (quoting *In re Holly's, Inc.,* 140 B.R. 643, 683 (Bankr.W.D.Mich.1992)).

25. Because "cause" for relief from stay is not defined by § 362(d)(1), "courts must determine whether discretionary relief is appropriate on a case-by-case basis." *In re Shultz*, 347 B.R. at *3. When a "pending action is neither connected with nor interfering with the bankruptcy proceeding, the automatic stay in no way fosters Code policy." *In re Holtkamp,* 669 F.2d 505, 509 (7th Cir.1982).

26. Bankruptcy courts have lifted the automatic stay to allow plaintiffs to pursue claims against a debtor where insurance would cover the defense costs and the plaintiffs were seeking coverage from the insurer. *See, e.g., In re Patriot Contracting Corp.*, 2006 WL 4457346, at *2-3 (May 31, 2006); *In re Holtkamp*, 669 F.2d 505, 507-08 (7th Cir. 1982) (allowing plaintiff's claim to proceed in order to recover against insurer); *Prince v. CMS Wireless*, No. 4:11-CV-438, 2012 WL 1015001, at *4 (E.D. Tex. Mar. 22, 2012) (allowing plaintiff to proceed on claims where plaintiff would not seek debtor's money); *In re Paone,* 401 B.R. 151, 153 (Bankr.M.D.Pa.2009) (lifting stay when the participation of the debtor, who was a joint tortfeasor, in state court litigation was necessary under state law to determine the amount of damages a creditor was obligated to pay the state court plaintiff).

27. Notably, courts have held that "discharge injunction" in § 524(e) "***does not eradicate liability of third parties such as, for example, contractually responsible insurance companies***." *In re Morris*, 430 B.R. 824, 828 (Bankr. W.D. Tenn. 2010) (emphasis added) (quoting *Simpson v. Rodgers (In re Rodgers)*, 266 B.R. 834, 836 (Bankr. W.D. Tenn. 2001)). Where a debtor obtains a discharge, the "discharge injunction" does not "extinguish[] the debt itself, but merely releases the debtor from personal liability." *Id.* (quoting *In re Castle*, 289 B.R. 882, 886 (Bankr. E.D. Tenn. 2003)). Any future discharge "does not affect the liability of any other entity on, or the property of any other entity for, such debt." 11 U.S.C. § 524(e). "A creditor does not violate the discharge injunction by proceeding in a lawsuit against a debtor in order to determine liability for the purposes of collecting from a third party . . . ." *In re Morris*, 430 B.R. at 828 (Bankr. W.D. Tenn. 2010) (quoting *In re Patterson*, 297 B.R. 110, 113 (Bankr. E.D. Tenn. 2003)).

28. In this case, "cause" exists to lift the automatic stay as to the Doe Plaintiffs. The Doe Plaintiffs have not even filed suit against the Debtor, but against the separate legal entity Holiday

Crown Centre, LLC. The Doe Plaintiffs are not listed as creditors in this bankruptcy action. The causes of action do not concern multiple victims, but instead only Jane Doe 1 who was a minor working at Pimentos. The Doe Plaintiffs have sought only the maximum amount of insurance coverage in settlement negotiations. The insurance company is already responsible for providing a defense. As noted in *In re Morris*, the Doe Plaintiffs have the right to pursue a claim because the discharge injunction would not apply to them and their attempts to recover from the insurer. Altogether, there is no reason to delay the Doe Plaintiffs' lawsuit that is being defended by the insurer for the non-debtor Holiday Crown Centre, LLC.

WHEREFORE, PREMISES CONSIDERED, the Doe Plaintiffs respectfully request that the Court either (1) acknowledge that the automatic stay does not apply to the non-debtor Holiday Crown Centre LLC or, alternatively, (2) lift the automatic stay as to the Doe Plaintiffs' claims pending against Holiday Crown Centre, LLC in Circuit Court and before the EEOC.

Respectfully submitted,

s/Malcolm B. Futhey III
FUTHEY LAW FIRM PLC
1440 Poplar Avenue
Memphis, Tennessee 38104
901-725-7525
901-726-3506 (facsimile)
malcolm@futheylawfirm.com

### CERTIFICATE OF SERVICE

The undersigned certifies that a true and correct copy of the foregoing was served on the United States Trustee, and counsel for the Debtor this 29th day of August 2023.

/s/Malcolm B. Futhey III