ELECTRONICALLY FILED
2022 Sep 02 2:31 PM
CLERK OF COURT - CIRCUIT

## IN THE CIRCUIT COURT OF SHELBY COUNTY, TENNESSEE
## FOR THE THIRTIETH JUDICIAL DISTRICT AT MEMPHIS

_____

JANE DOE 1, A Minor Child;
JOHN DOE 1, Individually and as
Guardian/Parent and Next Friend of Jane Doe 1;
and JANE DOE 2, Individually and as
Guardian/Parent and Next Friend of
Jane Doe 1,

      Plaintiffs,

v.

      No.: _____

HOLIDAY CROWN CENTRE, LLC d/b/a
PIMENTOS KITCHEN & MARKET a/k/a
PIMENTOS BURGERS BAR & GRILL;
and FRED WHITLEY, Individually and as
agent of Holiday Crown Centre, LLC,

      Division: _____

      **JURY TRIAL DEMANDED**

      Defendants.

_____

### COMPLAINT FOR MONETARY DAMAGES

_____

Plaintiff Jane Doe 1, a minor child, and her parents, Plaintiffs John Doe 1 and Jane Doe 2, individually and as guardians and next friends of Jane Doe 1, file this complaint for monetary damages against Defendant Holiday Crown Centre, LLC d/b/a Pimentos Kitchen & Market a/k/a Pimentos Burgers, Bar, & Grill ("Pimentos") and Defendant Fred Whitley, individually and as agent of Holiday Crown Centre, LLC ("Whitley"). Plaintiffs state in support as follows:

### I.    Introduction

1.    This lawsuit concerns the ***rape and sexual assault of a minor***, Jane Doe 1. On or about June 14, 2022, minor Jane Doe 1 was working as a waitress at Pimentos (6450 Poplar Avenue, Suite 123) when she was raped and sexually assaulted by Pimentos' 43-year-old manager, Defendant Fred Whitley. As a result of the incident, the minor Plaintiff, Jane Doe 1,

Exhibit 1

has sustained significant injuries, including, but not limited to, physical injuries, pain, physical assault and battery, suffering, emotional distress, mental anguish, embarrassment, humiliation, medical and/or other treatment costs, lost wages, lost benefits, and other damages that will be proven at trial.  Additionally, the minor's parents, John Doe 1 and Jane Doe 2, have sustained significant injuries, including, but not limited to, emotional distress, mental anguish, suffering, embarrassment, humiliation, medical and/or other treatment costs, lost wages, lost benefits, and other damages that will be proven at trial.  Plaintiffs assert claims based on negligence, gross negligence, recklessness, assault, battery, false imprisonment, negligent infliction of emotional distress, intentional infliction of emotional distress, and invasion of privacy, and seek monetary damages for the serious injuries sustained by the minor, Plaintiff Jane Doe 1, as well as for injuries to her parents.

II.      Parties

2.      Plaintiff, Jane Doe 1, is a minor child residing in Shelby County, Tennessee.

3.      Plaintiff, John Doe 1, is an adult individual residing in Shelby County, Tennessee. Mr. John Doe 1 is Jane Doe 1's Father and Legal Guardian

4.      Plaintiff, Jane Doe 2, is an adult individual residing in Shelby County, Tennessee. Ms. Jane Doe 2 is Jane Doe 1's Mother and Legal Guardian

5.      Defendant Holiday Crown Centre, LLC d/b/a Pimentos Kitchen & Market a/k/a Pimentos Burgers, Bar, & Grill ("Pimentos") is a Tennessee corporation with a principal place of business located at 6450 Poplar Avenue, Suite 123, Memphis, Tennessee 38119.  Pimentos may be served through its registered agent, Lucius D. Jordan III, 3895 E. Raines Road, Memphis, Tennessee 38118.

2

6.      Defendant, Fred Whitley, upon information and belief, is an individual residing in Shelby County, Tennessee.   Mr. Whitley may be served at 5483 Apple Blossom Drive, Memphis, Tennessee 38115.

### III.      Jurisdiction and Venue

7.      This Court has jurisdiction under Tennessee Code Annotated §§ 16-10-101 et seq. This Court is a proper venue based on Tennessee Code Annotated §§ 20-4-102.

### IV.      Background

8.      At the time of the rape and sexual assault, Jane Doe 1 was a seventeen (17) year old female and waitress at Pimentos restaurant located at 6450 Poplar Avenue, Suite 123, Memphis, Tennessee 38120 (hereinafter the "Restaurant").

9.      Plaintiffs John Doe 1 and Jane Doe 2 are Plaintiff Jane Doe 1's parents and legal guardians.

10.      Upon information and belief, Defendant Fred Whitley is a forty-three (43) year old male with grandchildren and was the manager for Pimentos at the Restaurant.

11.      On or about June 14, 2022, Jane Doe 1 was working as a waitress at the Restaurant when she went into the walk-in freezer.

12.      Defendant Fred Whitley snuck into the walk-in freezer behind Jane Doe 1.

13.      Defendant Fred Whitley made unwanted sexual advances towards the minor, Jane Doe 1.

14.      Defendant Fred Whitley directly touched the minor's sexual organs and penetrated her with his fingers.

15.      The minor, Jane Doe 1, tried to leave the freezer, but Defendant Fred Whitley blocked her escape, thereby imprisoning her in the walk-in freezer.

16.     After minor Jane Doe 1 objected and tried to get him to stop, Defendant Fred Whitley eventually did stop sexually assaulting the minor and then later allowed her to leave the walk-in freezer.

17.     Minor Jane Doe 1 never consented to Defendant Fred Whitley's sexual assault or battery, nor could she have consented because she was a minor.

18.     Defendant Whitley's actions constitute violations of the following criminal statutes:

Tennessee Code Annotated § 39-13-503 – Rape
Tennessee Code Annotated § 39-13-505 – Sexual Battery
Tennessee Code Annotated § 39-13-506(b) – Statutory Rape
Tennessee Code Annotated § 39-13-506(c) – Aggravated Statutory Rape
Tennessee Code Annotated § 39-13-527 – Sexual Battery by an Authority Figure
Tennessee Code Annotated § 39-13-527 – Solicitation of person under 18 years of age
Tennessee Code Annotated § 39-13-532 - Statutory Rape by an Authority Figure

19.     Following the rape and sexual assault, the incident was reported to the Memphis Police.

20.     The Memphis Police came to the Restaurant to take a report of the incident.

21.     Upon information and belief, the Memphis Police arrested Mr. Whitley.

22.     Upon information and belief, Pimentos knew or should have known of Defendant Whitley's past actions and/or proclivities and should have taken appropriate actions to protect minor Jane Doe 1 and to prevent the rape and sexual assault.

23.     Upon information and belief, Mr. Whitley was acting within the scope of his employment when the incident that is the subject of this lawsuit occurred.

24.     Mr. Whitley used his position as manager of Pimentos to commit the rape and sexual assault against the minor Jane Doe 1

4

25.     Jane Doe 1, John Doe 1, and Jane Doe 2 have suffered damages that include, but are not limited to, mental anguish, suffering, medical expenses, emotional distress, embarrassment, and other damages that will be proven at trial.

26.     Defendants' action were done willingly, knowingly, intentionally, or recklessly.

27.     At the time of the incident, Defendant Fred Whitley was employed by and acting in the scope of his employment with Defendant Pimentos.

28.     At the time of the incident, Defendant Fred Whitley was a manager and agent for Defendant Pimentos.

29.     Defendant Pimentos' policies and practices permitted the Minor plaintiff to be hired as a minor.

30.     Defendant Pimentos' policies allowed the assailant, 43-year-old Defendant Fred Whitley, to occupy the position of *in loci parentis* of a child employee, which position Defendant Whitley should have exercised with prudence and reasonableness.

31.     Defendant Pimentos is liable for the actions of Mr. Whitley based on respondeat superior, apparent agency, actual agency, and other agency doctrines as well as based on other legal theories set forth below.

## V.    Causes of Action

### Count 1 – Assault

32.     Plaintiffs incorporate by reference all allegations contained in this Complaint as if fully set forth herein.

33.     A statutory assault occurs when a person (1) intentionally, knowingly or recklessly causes bodily injury to another; (2) intentionally or knowingly causes another to reasonably fear imminent bodily injury; or (3) intentionally or knowingly causes physical contact

with another and a reasonable person would regard the contact as extremely offensive or provocative. Tennessee Code Annotated § 39-13-101.

34.     A common law assault occurs when (a) a person acts intending to cause a harmful or offensive contact with the person of the other or a third person, or an imminent apprehension of such a contact, and (b) the other is thereby put in such imminent apprehension.

35.     Common law assault is also defined as an intentional attempt or the unmistakable appearance of an intentional attempt to do harm to, or to frighten, another person; and the present ability or the unmistakable appearance of the present ability to do that harm or to cause that fright.

36.     In this case, Defendant Fred Whitley assaulted minor Jane Doe 1 when he threatened to and did in fact rape and sexually assault her at Pimentos' Restaurant.

37.     As a result of the incident, Plaintiffs have sustained physical injuries, pain, mental anguish, suffering, humiliation, lost wages, lost benefits, medical and/or other treatment costs, and other damages that will be proven at trial.

<u>Count 2 – Battery</u>

38.     Plaintiffs incorporate by reference all allegations contained in this Complaint as if fully set forth herein.

39.     A common law battery is any intentional, unlawful and harmful or offensive contact by one person with the person of another.

40.     Offensive contact is contact that infringes on a reasonable sense of personal dignity ordinarily respected in a civil society.

41.     In this case, Defendant Fred Whitley assaulted Jane Doe 1 when he snuck up behind her, directly touched the minor's sexual organs, penetrated her with his fingers, and attacked her.

42.     As a result of the incident, Plaintiffs sustained physical injuries, pain, mental anguish, suffering, humiliation, lost wages, lost benefits, medical and/or other treatment costs, and other damages that will be proven at trial.

Count 3 – False Imprisonment

43.     Plaintiffs incorporate by reference all allegations contained in this Complaint as if fully set forth herein.

44.     Defendant Fred Whitley falsely imprisoned the minor Plaintiff when he blocked her escape from the walk-in refrigerator, sexually assaulted her, and prevented her from leaving.

45.     Defendant Fred Whitley intentionally restrained or detained the minor Plaintiff without just cause.

46.     Defendant Fred Whitley's detention or restraint of the minor Plaintiff was against her will.

47.     Defendant Fred Whitley's detention or restraint of the minor Plaintiff was unlawful.

48.     As a result of the incident, Plaintiffs sustained physical injuries, pain, mental anguish, suffering, humiliation, lost wages, lost benefits, medical and/or other treatment costs, and other damages that will be proven at trial.

Count 4 – Negligent and Intentional Infliction of Emotional Distress

49.     Plaintiffs incorporate by reference all allegations contained in this Complaint as if fully set forth herein.

50.     Defendant Fred Whitley and Defendant Pimentos' actions were negligent, reckless, or intentional.

51.     Defendant Fred Whitley and Defendant Pimentos' actions were so outrageous that they are not tolerated by civilized society.

52.     As a result of Defendants' actions, Plaintiffs sustained physical injuries, pain, mental anguish, suffering, humiliation, lost wages, lost benefits, medical and/or other treatment costs, and other damages that will be proven at trial.

Count 5 – Negligent Hiring, Supervision, and Retention

53.     Plaintiffs incorporate by reference all allegations contained in this Complaint as if fully set forth herein.

54.     Defendant Pimentos had a duty to hire, supervise, and retain employees that were safe for patrons and/or employees of their restaurant.

55.     Defendant Pimentos breached its duty to Plaintiffs by hiring, failing to adequately supervise, and by retaining the Defendant Fred Whitley, who attacked the minor, Jane Doe 1.

56.     Defendant Pimentos' malfeasance or nonfeasance was a direct and proximate cause of Jane Doe 1's injuries.

57.     As a result of the incident, Plaintiffs sustained physical injuries, pain, mental anguish, suffering, humiliation, lost wages, lost benefits, medical and/or other treatment costs, and other damages that will be proven at trial.

Count 6 – Negligence, Gross Negligence, and Recklessness as to Pimentos

58.     Plaintiffs incorporate all allegations set forth in this Complaint as if fully set forth in this section.

8

59.    Defendant Pimentos had a duty to exercise reasonable and ordinary care and caution in and about the ownership, management, maintenance, supervision, control, and operation of Pimentos and each of its employees, agents, servants, and independent contractors, all to the benefit of its customers and its employees, like Plaintiff Jane Doe 1.

60.    Defendant Pimentos, by and through its agents, employees, servants, and/or independent contractors, was negligent, grossly negligent, and/or reckless in his acts and/or omissions by, among other things, failing to discover and/or allowing Defendant Whitley to sexually assault Plaintiff Jane Doe 1 in Pimentos' Restaurant.

61.    As a result, Plaintiffs have sustained physical injuries, pain, mental anguish, suffering, humiliation, lost wages, lost benefits, medical and/or other treatment costs, and other damages that will be proven at trial.

Count 7 – Negligence, Gross Negligence, and Recklessness as to Fred Whitley

62.    Plaintiffs incorporate all allegations set forth in this Complaint as if fully set forth in this section.

63.    Defendant Whitley had a duty to exercise reasonable and ordinary care with respect to guests, patrons, business invitees, other employees, and persons like Plaintiff Jane Doe 1.

64.    Defendant Whitley was negligent, grossly negligent, and/or reckless in his acts and/or omissions by, amongst other things, engaging in acts, as set forth above, that Defendant Whitley knew, or should have known, would cause harm to Plaintiffs.

65.    As a result, Plaintiffs have sustained physical injuries, pain, mental anguish, suffering, humiliation, lost wages, lost benefits, medical and/or other treatment costs, and other damages that will be proven at trial.

Count 8 – Breach of Fiduciary Duty – All Defendants

66.     Plaintiffs incorporate all allegations set forth in this Complaint as if fully set forth

in this section.

67.     The minor Plaintiff's parents entrusted the minor's care to the Defendants while

she was working at Pimentos.

68.     All Defendants had a fiduciary duty to ensure that the minor was not harmed

during her employment at Pimentos.

69.     All Defendants had a fiduciary duty to ensure that the minor was not sexually

assaulted or raped by a manager during her employment at Pimentos.

70.     All Defendants had a fiduciary duty to ensure that the minor was not subjected to

the other torts asserted herein.

71.     All the Defendants' breached their fiduciary duties owed to Plaintiffs.

72.     As a direct and proximate result of Defendants' breach, Plaintiffs sustained

physical injuries, pain, mental anguish, suffering, humiliation, lost wages, lost benefits, medical

and/or other treatment costs, and other damages that will be proven at trial.

Count 9 – Additional Legal Doctrines

73.     Upon information and belief, Defendant Pimentos' employees were acting within

the scope of their employment when the attack and other torts alleged herein that are the subject

of this lawsuit occurred.

74.     Defendant Pimentos is liable based on respondeat superior for any actions or

inactions by its employees or agents.

75.     Defendant Pimentos is also liable based on other agency doctrines.

10

76.    Defendants' actions or inaction as described herein or proven at trial was malicious, intentional, fraudulent, or reckless, and therefore Plaintiffs are entitled to punitive damages pursuant to Tennessee common law and Tennessee Code Annotated § 29-39-104.

WHEREFORE, PREMISES CONSIDERED, Jane Doe 1, John Doe 1, and Jane Doe 2 respectfully pray for the following relief:

1.    That the Court award compensatory damages in Jane Doe 1, John Doe 1, and Jane Doe 2's favor and against all the Defendants, jointly and severally, in an amount of at least $20,000,000.00;

2.    That the Court award punitive damages in Jane Doe 1, John Doe 1, and Jane Doe 2's favor and against all the Defendants, jointly and severally, in an amount not to exceed the greater of twice Plaintiffs' compensatory damages, $500,000, or the constitutional limit;

3.    That the Court award pre- and post-judgment interest; and

4.    For such other, further relief, both general and specific, to which Jane Doe 1, John Doe 1, and Jane Doe 2 may be entitled.

Respectfully submitted,

/s/ Malcolm B. Futhey III
Malcolm B. Futhey III (TN 024432)
FUTHEY LAW FIRM PLC
1440 Poplar Avenue
Memphis, Tennessee 38104
901-725-7525
901-726-3506 (facsimile)
malcolm@futheylawfirm.com