Case 23-23313   Doc 92-3   Filed 08/29/23   Entered 08/29/23 13:44:08   Desc Exhibit
3 Order in Insurance Declaratory Action   Page 1 of 16

Case 2:22-cv-02767-SHL-tmp   Document 40   Filed 06/01/23   Page 1 of 16   PageID 411

**IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TENNESSEE
WESTERN DIVISION**

| | |
|---|---|
| SOCIETY INSURANCE, A MUTUAL COMPANY, | ) |
| | ) |
|     Plaintiff, | ) |
| | ) |
| v. | ) |
| | ) |
| HOLIDAY CROWN CENTRE, LLC, d/b/a PIMENTOS KITCHEN AND MARKET, a/k/a PIMENTOS BURGERS BAR & GRILL, | ) |
| | ) |
|     Defendant. | ) |

No. 2:22-cv-2767-SHL-tmp

**ORDER DENYING PLAINTIFF'S MOTION FOR JUDGMENT ON THE PLEADINGS
AND GRANTING DEFENDANT'S MOTION FOR PARTIAL SUMMARY JUDGMENT**

This is an action for declaratory judgment filed by Plaintiff Society Insurance, a Mutual Company ("Society"), regarding its duty to defend and indemnify Defendant Holiday Crown Centre, LLC ("Pimentos"), for claims made against Pimentos in Tennessee State Court. There are two Motions before the Court. The first is Society's Motion for Judgment on the Pleadings, (ECF No. 26), filed February 17, 2023, which argues that Society does not have a duty to defend or indemnify Pimentos under the relevant liability insurance policies. The second is Pimentos' Motion for Partial Summary Judgment, (ECF No. 27), also filed February 17, 2023, which argues that Society has a duty to defend Pimentos in the underlying lawsuit in state court.

For the reasons explained below, Pimentos is entitled to summary judgment as to Society's duty to defend Pimentos in the underlying lawsuit. Therefore, the Court **DENIES** Society's Motion for Judgment on the Pleadings and **GRANTS** Pimentos' Motion for Partial Summary Judgment.

Exhibit 3

Case 23-23313    Doc 92-3    Filed 08/29/23    Entered 08/29/23 13:44:08    Desc Exhibit
3 Order in Insurance Declaratory Action    Page 2 of 16
Case 2:22-cv-02767-SHL-tmp    Document 40    Filed 06/01/23    Page 2 of 16    PageID 412

## FACTUAL BACKGROUND

The following facts are taken from the Parties' respective Motions, (ECF Nos. 26, 27), and Society's Response to Pimentos' Statement of Undisputed Facts, (ECF No. 32). The Court only discusses the facts that are pertinent to the Motions. There are no disputes of fact for the purposes of these Motions. (See id.)

### I.    Underlying Complaint

On September 2, 2022, Jane Doe 1 ("Doe") filed a complaint (the "Underlying Complaint") against Pimentos and Fred Whitley in state court in Shelby County, Tennessee. (ECF No. 32 at PageID 365.) According to the Underlying Complaint, Whitley was a 43-year-old manager and Doe was a 17-year-old waitress at a Pimentos restaurant in Memphis, Tennessee. (Id.) While they were both working on June 14, 2022, Whitley snuck behind Doe as she walked inside the restaurant's walk-in freezer. (Id.) Whitley allegedly made unwanted sexual advances towards Doe, and sexually assaulted and raped her. (Id.) Doe tried to leave the freezer, but Whitley blocked her escape, thereby imprisoning her in the freezer. (Id.)

In the state court action, Doe seeks damages for her injuries, asserting claims against Whitley for his alleged intentional acts, and against Pimentos for its alleged negligent acts in the hiring and supervision of Whitley. (Id. at PageID 366.) Doe states that, because of Whitley's actions and the alleged negligence of Pimentos, she sustained significant injuries, including, but not limited to, physical injuries, pain and suffering, emotional distress, mental anguish, embarrassment, humiliation, medical and/or other treatment costs, lost wages, lost benefits, and other damages. (Id.)

The Underlying Complaint alleges that Pimentos knew or should have known of Whitley's past actions or proclivities, and that the restaurant's policies and practices permitted

Exhibit 3

Case 23-23313   Doc 92-3   Filed 08/29/23   Entered 08/29/23 13:44:08   Desc Exhibit
3 Order in Insurance Declarary Action   Page 3 of 16
Case 2:22-cv-02767-SHL-tmp   Document 40   Filed 06/01/23   Page 3 of 16   PageID 413

Doe to be employed as a minor under Whitley's supervision.  (Id. at PageID 366-67.)  It includes causes of action against Pimentos for negligent hiring, supervision, and retention of Whitley. (Id. at PageID 367.)  Finally, the Underlying Complaint alleges that Whitley was an agent of Pimentos, was acting within the scope of his employment when the acts occurred, and that Pimentos is therefore liable for Whitley's actions based on respondeat superior and other agency doctrines.  (Id.)  Society is currently defending Pimentos in state court under a reservation of rights.  (Id. at PageID 372.)  Doe seeks to hold Pimentos and Whitley jointly and severally liable for all injuries incurred.  (ECF No. 1-1 at PageID 47.)

## II.    Insurance Policies

During all times relevant to the Underlying Complaint, Pimentos had a Business Owner's Policy (BOP) and Umbrella Policy with Society.  (ECF No. 26-1 at PageID 282.)  The coverage under the BOP includes a duty to defend and indemnify claims for damages because of "bodily injury", "property damage," or "personal and advertising injury."  (ECF No. 32 at PageID 362.) "Bodily injury" is defined as bodily injury, sickness or disease sustained by a person, including death resulting from any of these at any time.  (Id. at PageID 363.)  The BOP specifies that it only applies if the "bodily injury" or "property damage" is caused by an "occurrence."  (Id.)  The term "occurrence" is defined as an accident, including continuous or repeated exposure to substantially the same general harmful conditions.  (Id.)  The policy defines "personal and advertising injury" as an injury, including consequential "bodily injury", arising from false arrest, detention or imprisonment, among other offenses.  (Id.)

The BOP also contains two exclusions that are relevant to this dispute:  the employer's liability exclusion and the employment practices exclusion.  The employer's liability exclusion relieves Society from its duty to defend for a "bodily injury" to an employee of the insured

Exhibit 3

Case 23-23313   Doc 92-3   Filed 08/29/23   Entered 08/29/23 13:44:08   Desc Exhibit
3 Order in Insurance Declaratory Action   Page 4 of 16
Case 2:22-cv-02767-SHL-tmp   Document 40   Filed 06/01/23   Page 4 of 16   PageID 414

"arising out of and in the course of:  (a) Employment by the insured; or (b) Performing duties

related to the conduct of the insured's business. . ."  (Id. at PageID 367-68.)  The employment

practices exclusion relieves Society of its duty to defend for "bodily injury" or "personal and

advertising injury" to:

> (1) A person arising out of any:
>     (a) Refusal to employ that person;
>     (b) Termination of that person's employment; or
>     (c) Employment-related practices, policies, acts or omissions, such as
>     coercion, demotion, evaluation, reassignment, discipline, defamation,
>     harassment, humiliation, discrimination or malicious prosecution directed
>     at that person. . .

(Id. at PageID 368.)

The Umbrella Policy is a substantially similar insuring agreement as the BOP.  (ECF No.

26-1 at PageID 294.)  In addition, the Umbrella Policy contains substantially similar exclusions

for employer's liability and employment practices.  (Id.)

## PROCEDURAL HISTORY

Society filed its Complaint in this Court on November 7, 2022, seeking declaratory

judgment pursuant to 28 U.S.C. § 2201 and Fed. R. Civ. P. 57 against both Whitley and

Pimentos.  (ECF No. 1 at PageID 1.)  Society argues that the policies do not provide coverage for

any of the claims asserted against Whitley and Pimentos in the Underlying Complaint because

they either do not fall within the defined coverage categories or are otherwise covered by the

exclusions.  (Id. at PageID 5, 15.)  Accordingly, Society seeks a declaration that it does not have

a duty to defend or indemnify Whitley and Pimentos.  (Id. at PageID 8, 31.)

On February 22, 2023, the Clerk entered default against Whitley because he failed to

timely respond to Society's Complaint.  (ECF No. 29.)  Society then filed a Motion for Default

Judgment Against Whitley, (ECF No. 30), which the Court granted on April 3, 2023, (ECF No.

Exhibit 3

Case 23-23313    Doc 92-3    Filed 08/29/23    Entered 08/29/23 13:44:08    Desc Exhibit
3 Order in Insurance Declaratory Action    Page 5 of 16
Case 2:22-cv-02767-SHL-tmp    Document 40    Filed 06/01/23    Page 5 of 16    PageID 415

38), finding that Society had no duty to defend Whitley in the Underlying Complaint and all claims related to Whitley were resolved. (Id. at PageID 407-08.) Therefore, Pimentos is the only remaining Defendant in this action.

On February 17, 2023, Society filed its Motion for Judgment on the Pleadings, arguing that it is entitled to Judgment on the Pleadings as it does not have a duty to defend or indemnify Pimentos in the Underlying Complaint.[1] (ECF No. 26 at PageID 297.) That same day, Pimentos filed a Motion for Partial Summary Judgment, asserting that all of the Underlying Complaint's allegations fall within the coverage categories, and that the exclusions do not apply. (ECF No. 27-1 at PageID 302.) Pimentos argues that it is entitled to judgment as a matter of law as to Society's duty to defend Pimentos, but asserts that it is premature to decide the issue of Society's duty to indemnify, as that turns on the outcome of the underlying suit in state court. (Id. at PageID 301 n.1.)

### ANALYSIS

As explained below, there are no genuine disputes of material fact, and Pimentos is entitled to judgment as a matter of law on the question of Society's duty to defend them in the Underlying Complaint. Because the Court finds that Society has a duty to defend, it **DENIES** Society's Motion for Judgement on the Pleadings and **GRANTS** Pimentos' Motion for Partial Summary Judgment.

---

[1] In its briefing, Society raises several arguments about its duty to defend Whitley under the policies. (See ECF 26-1 at PageID 287, 292.) The Court need not address these arguments as Whitley is no longer a party to this suit.

Exhibit 3

Case 23-23313    Doc 92-3    Filed 08/29/23    Entered 08/29/23 13:44:08    Desc Exhibit 3 Order in Insurance Declaratory Action    Page 6 of 16

Case 2:22-cv-02767-SHL-tmp    Document 40    Filed 06/01/23    Page 6 of 16    PageID 416

## I.    Standard of Review

### A.  Summary Judgment

Summary judgment is proper "if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law."  Fed. R. Civ. P. 56(a).  The court must view the facts in the record and reasonable inferences that can be drawn from those facts in the light most favorable to the nonmoving party.  Matsushita Elec. Indus. Co. v. Zenith Radio Corp., 475 U.S. 574, 587 (1986).

Once a properly supported motion for summary judgment has been filed, the party opposing summary judgment must show that there is a genuine dispute of material fact by pointing to evidence in the record to argue that the moving party is not entitled to judgment as a matter of law.  Fed. R. Civ. P. 56(a), (c)(1).  "When confronted with a properly supported Motion for Summary Judgment, the party with the burden of proof at trial is obligated to provide concrete evidence supporting its claims and establishing the existence of a genuine issue of fact." Cloverdale Equipment Co. v. Simon Aerials, Inc., 869 F.2d 934, 937 (6th Cir. 1989) (citing Celotex Corp. v. Catrett, 477 U.S. 317 (1986)).  The opposing party "cannot rest solely on the allegations made in [his] pleadings."  Everson v. Leis, 556 F.3d 484, 496 (6th Cir. 2009) (quoting Skousen v. Brighton High Sch., 305 F.3d 520, 527 (6th Cir. 2002)).  A genuine issue for trial exists if the evidence would permit a reasonable jury to return a verdict for the nonmoving party.  Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 248 (1986).

### B.  Motion for Judgment on the Pleadings

Federal Rule of Civil Procedure 12(c) permits parties to move for judgment on the pleadings "[a]fter the pleadings are closed—but early enough not to delay trial."  Fed. R. Civ. P. 12(c).  "A judgment on the pleadings is proper 'when no material issue of fact exists and the

Exhibit 3

Case 23-23313   Doc 92-3   Filed 08/29/23   Entered 08/29/23 13:44:08   Desc Exhibit
3 Order in Insurance Declaratory Action   Page 7 of 16
Case 2:22-cv-02767-SHL-tmp   Document 40   Filed 06/01/23   Page 7 of 16   PageID 417

party making the motion is entitled to judgment as a matter of law.'" Anders v. Cuevas, 984

F.3d 1166, 1174 (6th Cir. 2021) (quoting Paskvan v. City of Cleveland Civil Serv. Comm'n, 946

F.2d 1233, 1235 (6th Cir. 1991)).  Thus, a court will "construe the complaint in the light most

favorable to the nonmoving party, accept the well-pled factual allegations as true, and determine

whether the complaint contains enough facts to make the legal claims facially plausible."

Anders, 984 F.3d at 1174.

As stated above, there are no disputed facts for the purposes of these Motions.  (See ECF

No. 32.)  Therefore, the Court can resolve the Motion for Judgment on the Pleadings and the

Motion for Partial Summary Judgment in a single Order as the outcome of both Motions depends

on the same legal question—whether, based on the allegations in the Underlying Complaint,

Society has a duty to defend and indemnify Pimentos in the state court action.

### C. Insurance Coverage Disputes

In Tennessee,[2] the Court applies the same rules of construction to the insurance policy at

issue as it would to any other contract.  See Travelers Indem. Co. of Am. v. Moore & Assoc.,

Inc., 216 S.W.3d 302, 305–06 (Tenn. 2007).  The insurance contract's terms "must be interpreted

fairly and reasonably, giving the language its usual and ordinary meaning."  Main St. Am.

Assurance Co. v. Marble Solutions, LLC, 557 F. Supp. 3d 844, 851 (W.D. Tenn. 2021) (quoting

Naifeh v. Valley Forge Life Ins. Co., 204 S.W.3d 758, 768 (Tenn. 2006)).  Any ambiguity in the

policy's terms, however, will be construed in the insured's favor.  See Am. Justice Ins.

Reciprocal v. Hutchison, 15 S.W. 3d 811, 815 (Tenn. 2000).  The goal is to "determine the

intention of the parties and give effect to that intention."  Naifeh, 204 S.W. 3d at 768.

---

[2] The Parties agree that Tennessee substantive law governs this diversity action.  (See ECF No. 26-1 at PageID 283; ECF No. 27-1 at PageID 304.)

Exhibit 3

Case 23-23313   Doc 92-3   Filed 08/29/23   Entered 08/29/23 13:44:08   Desc Exhibit
3 Order in Insurance Declaratory Action   Page 8 of 16
Case 2:22-cv-02767-SHL-tmp   Document 40   Filed 06/01/23   Page 8 of 16   PageID 418

The insured bears the initial burden of proving that its damages are covered by the terms of the policy, while the insurer carries the burden if it argues that one of the policy exclusions applies and prevents recovery. Blaine Const. Corp. v. Ins. Co. of N. Am., 171 F.3d 343, 349 (6th Cir. 1999). Whether an insurer's duty to defend arises "depends solely on the allegations contained in the underlying complaint." Travelers Indem. Co. of Am., 216 S.W.3d at 305. A duty to defend arises if the underlying complaint alleges damages that "are within the risk covered by the insurance contract and for which there is a potential basis for recovery." Id. "If even one of the allegations is covered by the policy, the insurer has a duty to defend, irrespective of the number of allegations that may be excluded by the policy." Drexel Chem. Co. v. Bituminous Ins. Co., 933 S.W. 2d 471, 480 (Tenn. Ct. App. 1996). The Court will construe any doubts concerning whether a potential claim triggers coverage in the insured's favor. Travelers Indem. Co. of Am., 216 S.W. 3d at 305.

Relevant to both exclusions in this matter is the concurrent-causation doctrine, which provides "that there is insurance coverage in a situation where a nonexcluded cause is a substantial factor in producing the damage or injury, even though an excluded cause may have contributed in some form to the ultimate result and, standing alone, would have properly invoked the exclusion contained in the policy." Clark v. Sputniks, LLC, 368 S.W.3d 431, 441 (Tenn. 2012) (citing Allstate Ins. Co. v. Watts, 811 S.W.2d 883, 887 (Tenn. 1991)).

**D. Duty to Indemnify**

The question of an insurer's duty to indemnify a defendant is not appropriate for summary judgment, as it is a question for the jury. St. Paul Fire & Marine Ins. Co. v. Torpoco, 879 S.W.2d 831, 834 (Tenn. 1994). "[B]ecause an insured's duty to indemnify is dependent upon the outcome of a case, any declaration as to the duty to indemnify is premature unless there

Exhibit 3

has been a resolution of the underlying claim." <u>Policeman's Benefit Ass'n of Nashville v. Nautilus Ins. Co.</u>, No. M2001-00611-COA-R3CV, 2002 WL 126311, at *8 (Tenn. Ct. App. Feb. 1, 2002). Because it is premature to rule on Society's duty to indemnify Pimentos, the Court **DENIES WITHOUT PREJUDICE** Society's Motion as to its duty to indemnify.

## II. Policy Coverage

The Court turns first to whether the conduct alleged in the Underlying Complaint is covered by the terms of the policy before considering whether any exclusions apply. Society argues that there is no insurance coverage here because Doe's alleged injuries were not caused by an "occurrence," defined in part as an accident, given the allegations of Whitley's intentional conduct. Pimentos disagrees, arguing that Doe's alleged injuries caused by Pimentos are based on negligence theories, thus constituting accidents, which are "occurrences" under the policies. Pimentos further argues that Doe's allegations fall within the policy's Personal and Advertising Injury Provision, again triggering a duty to defend.

### A. "Bodily Injury" and "Occurrence"

The policies specify that they only apply if the "bodily injury" or "property damage" is caused by an "occurrence". (ECF No. 32 at PageID 362.) "Bodily injury" means a bodily injury, sickness or disease sustained by a person, including death resulting from any of these at any time. (<u>Id.</u> at PageID 363.) An occurrence is defined as an "accident" including continuous or repeated exposure to substantially the same general harmful conditions. (<u>Id.</u>) Tennessee courts have interpreted the term "accident" to mean "an event not reasonably foreseen, unexpected and fortuitous." <u>Travelers Indem. Co. of Am.</u>, 216 S.W. 3d at 308 (quoting <u>Gassaway v. Travelers Ins. Co.</u>, 439 S.W.2d 605, 608 (Tenn. 1969)).

Exhibit 3

Case 23-23313    Doc 92-3    Filed 08/29/23    Entered 08/29/23 13:44:08    Desc Exhibit
3 Order in Insurance Declaratory Action    Page 10 of 16
Case 2:22-cv-02767-SHL-tmp    Document 40    Filed 06/01/23    Page 10 of 16    PageID 420

Doe incurred a "bodily injury" per the terms of the policy based on the alleged sexual assault and rape which resulted in the injuries, both physical and emotional, alleged in the Underlying Complaint.[3]   Nonetheless, Society argues that there is no coverage for Doe's "bodily injury" because it was not caused by an "occurrence," defined as an accident.  (ECF No. 26-1 at PageID 287.)  Society points to the intentional acts alleged in the Underlying Complaint— assault, battery, false imprisonment, and intentional infliction of emotional distress—arguing that these are not "occurrences" because they are not accidents.  (Id.)  These intentional tort claims are asserted against Pimentos under the doctrine of respondeat superior, and plaintiffs seek to hold Pimentos and Whitley joint and severally liable for these and all offenses alleged therein.  (ECF No. 32 at PageID 367.)  Pimentos does not dispute that the intentional tort claims are not accidents or occurrences per the terms of the Policies.  (ECF No. 33 at PageID 377.)  They instead argue that the bodily injuries caused by their alleged negligence were the result of an "accident" or "occurrence" from Pimentos' standpoint and are therefore covered under the policies.  (Id.)

The intentional tort claims asserted against Pimentos in the Underlying Complaint are not occurrences as that term is defined in the Policies.  However, the negligence claims against Pimentos are occurrences as they arise out of accidental injuries from Pimentos' point of view. Tennessee courts construe the term "accident" to include the insured's "negligent acts" which cause damage that is "undesigned and unexpected."  Travelers Indem. Co. of Am., 216 S.W.3d at 308 (citing Gassaway, 439 S.W.2d at 607).  In addition, courts have found that coverage extends to the insured's independent negligent conduct.  See Westfield Ins. Co. v. Tech Dry, Inc., 336

---

[3] In its Motion, Society seems to concede that Doe suffered a "bodily injury" as they refer to "the 'bodily injury' incurred by Doe during her employment with Pimentos."  (See ECF No. 26-1 at PageID 294.)

Exhibit 3

Case 23-23313   Doc 92-3   Filed 08/29/23   Entered 08/29/23 13:44:08   Desc Exhibit
3 Order in Insurance Declaratory Action   Page 11 of 16
Case 2:22-cv-02767-SHL-tmp   Document 40   Filed 06/01/23   Page 11 of 16   PageID 421

F.3d 503, 510 (6th Cir. 2003) (finding that coverage extended to the insured's negligent hiring of the intentional tortfeasor); Main St. Am. Assurance Co., 577 F. Supp. 3d at 854-55 (collecting cases).

Based on the allegations in the Underlying Complaint, Whitley's sexual assault of Doe was "undesigned and unexpected" from Pimentos' standpoint.  Nothing in the Complaint suggests that Pimentos was aware that Whitley had committed prior similar acts, or that Whitley had ever acted this way previously, such that his misconduct would have been foreseeable.  See Main St. Am. Assurance Co., 557 F. Supp. 3d at 856.  Therefore, the negligence-based claims against Pimentos fall within the bodily injury provision because Doe's alleged sexual assault is a bodily injury that was caused by an unforeseeable event.   Because at least one of the allegations is covered by the policies, Society has a duty to defend all claims if no exclusions apply.  See Drexel Chem. Co, 933 S.W. 2d at 480.

### B.  Personal and Advertising Injury

The Underlying Complaint alleges that Whitley committed the tort of false imprisonment when he "blocked her escape from the walk-in refrigerator, sexually assault her, and prevented her from leaving . . . against her will."  (ECF No. 1-1 at PageID 43.)  The Underlying Complaint also seeks to hold Pimentos liable under a theory of respondeat superior, alleging that Pimentos' employees were acting within the scope of their employment when the sexual assault occurred. (Id. at PageID 46.)  The policies require Society to defend Pimentos against claims alleging a personal and advertising injury "arising out of [Pimento's] business."  (ECF No. 32 at PageID 363.)  The term "personal and advertising injury" means injury, including consequential "bodily injury," arising from false arrest, detention, or imprisonment, among other offenses.  (Id.)

Exhibit 3

Case 23-23313    Doc 92-3    Filed 08/29/23    Entered 08/29/23 13:44:08    Desc Exhibit
3 Order in Insurance Declaratory Action    Page 12 of 16
Case 2:22-cv-02767-SHL-tmp    Document 40    Filed 06/01/23    Page 12 of 16    PageID 422

Pimentos argues that the allegations of false detention and imprisonment in the Underlying Complaint also trigger Society's duty to defend under the "personal and advertising injury" provision.  (ECF No. 27-1 at PageID 311.)  As the allegations occurred while Doe and Whitley were acting within the scope of their employment, the conduct alleged in the Underlying Complaint is a personal injury "arising out of [Pimento's] business."  Therefore, Doe's allegations also fall within the policies' Personal and Advertising Injury Provision, again triggering a duty to defend.[4]

### III.    Exclusions

Society argues that, even if the allegations in the Underlying Complaint fall within the polices' terms, the employer's liability and employment practices exclusions apply to deny coverage.  (ECF No. 26-1 at PageID 287-90.)  The Court disagrees, as discussed below.

### A.  Employer's Liability Exclusion

The employer liability exclusion relieves Society from its duty to defend for a "bodily injury" to an employee of the insured "arising out of <u>and</u> in the course of:  (a) Employment by the insured; or (b) Performing duties related to the conduct of the insured's business."  (ECF No. 32 at PageID 367-68) (emphasis added).  "The phrase, 'in the course of,' refers to time and place, and 'arising out of,' to cause or origin."  <u>Anderson v. Save-A-Lot, Ltd.</u>, 989 S.W.2d 277, 279-80 (Tenn. 1999) (quoting <u>Travelers Ins. Co. v. Googe</u>, 397 S.W. 2d 368, 371).  An injury by accident to an employee is "'in the course of employment' if it occurred while he was performing a duty he was employed to do and is 'arising out of employment' if caused by a hazard incident to such employment."  <u>Id.</u>  An injury "arises out of employment" if the risk of

---

[4] Society does not appear to dispute this point.  (<u>See</u> ECF No. 26-1 at PageID 287-90.)

Exhibit 3

Case 23-23313    Doc 92-3    Filed 08/29/23    Entered 08/29/23 13:44:08    Desc Exhibit
3 Order in Insurance Declaratory Action    Page 13 of 16
Case 2:22-cv-02767-SHL-tmp    Document 40    Filed 06/01/23    Page 13 of 16    PageID 423

harm was a "reasonably considered hazard" such that it was a normal component of the injured

individual's relationship with the employer.  Id. at 288.

It is undisputed that Doe's injuries from the alleged sexual assault and false

imprisonment "arose in the course of employment," as she and Whitley were Pimentos

employees at all times relevant to the allegations in the Underlying Complaint.  (See ECF No.

26-1 at PageID 289-90; ECF No. 27-1 at PageID 313.)  However, the Parties dispute whether

these injuries "arose out of employment."  Society contends that the injuries arose out of Doe's

employment because the Underlying Complaint alleges that:  (1) Whitley used his position as a

manager to commit the rape and sexual assault, and (2) Whitley and Pimentos had a fiduciary

duty to ensure that she was not harmed, sexual assaulted, or raped during her employment at

Pimentos.  (ECF No. 26-1 at PageID 289.)

Pimentos argues that Doe's injuries cannot be considered a "normal component" of her

employment relationship with Pimentos, or an anticipated risk or condition of that employment.

(ECF No. 27-1 at PageID 314.)  They further argue that the Underlying Complaint does not state

that the alleged acts were committed in furtherance of Pimentos' business.  (Id.)  Rather than

seeking to further their business, Pimentos argues that the alleged injury was motivated and

caused by Whitley's "personal perverse sexual desire" and his desire to "control and humiliate"

Doe.  (Id. (quoting Anderson, 989 S.W.2d at 288).)  They also argue that the exclusion would be

inapplicable under the concurrent cause doctrine even if there is a connection between the

excluded cause (Doe's employment with Pimentos) and the ultimate injury, because factors

specific to Whitley also played a substantial role in producing the injuries alleged.  (Id. at PageID

317.)

Exhibit 3

Case 23-23313   Doc 92-3   Filed 08/29/23   Entered 08/29/23 13:44:08   Desc Exhibit
3 Order in Insurance Declaratory Action   Page 14 of 16
Case 2:22-cv-02767-SHL-tmp   Document 40   Filed 06/01/23   Page 14 of 16   PageID 424

The Court agrees with Pimentos.  The Employer's Liability Exclusion does not apply because the alleged injuries did not "arise out of" Doe's employment at Pimentos.  Nothing in the Underlying Complaint suggests that the sexual assault, rape, and false imprisonment were a normal component of the employment relationship, or that these acts were committed in furtherance of  Pimentos' pecuniary interests.  Contrary to Society's assertions, the <u>respondeat superior</u> and fiduciary duty-related allegations do not turn the alleged injuries that are entirely unrelated to Pimentos' business into work-related injuries.  Furthermore, even if Pimentos' employment of Whitley had some role in bringing about the injuries that are the subject of the Underlying Complaint, the exclusion would still not apply under the concurrent-causation doctrine because Whitley's own motives and intentions played at least a substantial role in causing Doe's injuries.

While exclusions should not "be so narrowly construed as to defeat their evident purpose," the Court cannot endorse Society's interpretation of the "arising out of" language without creating an exception that swallows the rule.  <u>See</u> <u>Tomlinson v Bituminous Cas. Corp.</u>, No.96–5944, 1997 WL 397248, at *1 (6th Cir. July 10, 1997).  As such, the Employer's Liability Exclusion does not apply.

### B.  Employment Practices Exclusion

The employment practices exclusion relieves Society of its duty to defend for "bodily injury" or "personal and advertising injury . . . arising out of employment-related practices, policies, acts or omissions, such as coercion, demotion, evaluation, reassignment, discipline, defamation, harassment, humiliation, discrimination or malicious prosecution directed at that person."  (ECF No. 32 at PageID 368.)

Society argues that Doe's alleged injuries arose out of employment-related policies, acts,

Exhibit 3

Case 23-23313   Doc 92-3   Filed 08/29/23   Entered 08/29/23 13:44:08   Desc Exhibit
3 Order in Insurance Declaratory Action   Page 15 of 16
Case 2:22-cv-02767-SHL-tmp   Document 40   Filed 06/01/23   Page 15 of 16   PageID 425

or omissions directed at her, which would fall under the employment practices exclusion.  (ECF No. 26-1 at PageID 291.)  Pimentos contends that the exclusion is not applicable because Doe's injuries are alleged to result at least in part from false imprisonment, which is not among the enumerated offenses in the exclusion.  (ECF No. 27-1 at PageID 317-18.)

Pimentos relies on Barnes v. Emp'rs Mut. Cas. Co., No. 03A01-9812-CH-00403, 1999 WL 366587, at *3 (Tenn. Ct. App. June 8, 1999), in support of its argument that the employment practices exclusion is inapplicable.  In that case, the court held that a similarly worded exclusion did not relieve an insurer of a duty to defend in a malicious prosecution case after an employer sought to have a former employee prosecuted for theft because the alleged offense, malicious prosecution, was not specifically mentioned in the exclusion.  Id. at *3.  The court also held that malicious prosecution could not be imported into the provision "merely because it incidentally causes humiliation, which could be an employment-related practice, if the prosecution did not arise out of the employment practice."  Id.  The court concluded that the provision was ambiguous at best, as it failed to make explicit whether the list of excludable actions was exhaustive, and construed that ambiguity against the insurance company.  Id. at *4.

Society argues that Barnes is distinguishable because the alleged injury here either arose out of Pimentos' employment-related policies, acts, or omissions, or would be covered by the exclusion because the list of excludable grounds is non-exhaustive, given the inclusion of the phrase "such as" before the offenses are listed.  (ECF No. 31 at PageID 358.)  They also argue that the alleged injuries based on false imprisonment necessarily involve coercion, which is listed as an excludable ground.  (Id.)

As the Barnes court noted as to a similar exclusion, "a reasonable interpretation of this exclusion is that the employment-related practices, policies, acts, or omissions are limited to the

Exhibit 3

Case 23-23313    Doc 92-3    Filed 08/29/23    Entered 08/29/23 13:44:08    Desc Exhibit
3 Order in Insurance Declaratory Action    Page 16 of 16
Case 2:22-cv-02767-SHL-tmp    Document 40    Filed 06/01/23    Page 16 of 16    PageID 426

types of things listed in the provision." By providing such a list, which includes "coercion, demotion, evaluation, reassignment, discipline, defamation, harassment, humiliation or discrimination, the policy indicates that only these types of employment-related matters are covered." Barnes, 1999 WL 366587, at *3. The "such as" language does not give Society a license to bring all conduct within the terms of the exclusion.

The exclusion is at best ambiguous given that it fails to clearly indicate that injury from false imprisonment is an excluded employment-related policy, practice, act, or omission. Because "any ambiguity in the policy's terms . . . will be construed in the insured's favor," Society fails to meet their burden of showing that the exclusion applies. See Am. Justice Ins. Reciprocal v. Hutchison, 15 S.W. 3d 811, 815 (Tenn. 2000).

## CONCLUSION

The allegations in the Underlying Complaint are covered under the insurance policies, and the employer's liability and employment practices exclusions do not apply. Therefore, there are no genuine disputes of material fact and Pimentos is entitled to judgment as a matter of law on its claim that Society has a duty to defend them in the Underlying Complaint. The question of an insurer's duty to indemnify depends on the outcome of the underlying case, so it is premature to determine whether Society has a duty to indemnify Pimentos. Accordingly, the Court **DENIES** Society's Motion for Judgment on the Pleadings and **GRANTS** Pimento's Motion for Partial Summary Judgment.

**IT IS SO ORDERED**, this 1st day of June, 2023.

s/ Sheryl H. Lipman
SHERYL H. LIPMAN
CHIEF UNITED STATES DISTRICT JUDGE

Exhibit 3