**Dated: September 01, 2023**
**The following is ORDERED:**

_____
**M. Ruthie Hagan**
**UNITED STATES BANKRUPTCY JUDGE**

_____

UNITED STATES BANKRUPTCY COURT
WESTERN DISTRICT OF TENNESSEE
WESTERN DIVISION

| | | |
|---|---|---|
| In re | ) | |
| | ) | Case No. 23-23313 |
| **HOLIDAY HAM HOLDINGS, LLC,** | ) | Chapter 11 |
| | ) | Judge M. Ruthie Hagan |
| Debtor. | ) | |

### INTERIM AGREED ORDER FOR USE OF CASH COLLATERAL

Come the parties, by and through their counsel, pursuant to 11 U.S.C. § 361, § 362 and § 363 and would show unto the Court that an agreement granting Use of Cash Collateral has been reached to authorize the Debtor to use cash collateral, that this agreement has been properly noticed to all interested parties in this case and there being no objection or any objection having been resolved or overruled, the Court hereby finds as follows:

1. On July 7, 2023 (the "Petition Date"), the Debtor filed with this Court a voluntary petition for relief under Chapter 11 of Title 11, United States Code.

2. Pursuant to a certain Note and Loan Security Agreement entered into on December 5, 2012, and a First Amendment to Loan and Security Agreement and Other Loan Documents entered into on December 29, 2015, between the Debtor and Pinnacle Bank (the

"Bank"), the Bank loaned $1,850,000.00 to Jordan Enterprises, LLC. The Bank asserts that the Debtor was truly and justly indebted to Bank, without defense, counterclaim or offset of any kind asserted by Debtor, in the amount of $665,474.03 (the "Indebtedness") that includes principal of $642,276.97, accrued interest of $13,399.84, and late fees of $5,382.40 as of July 7, 2023, and attorney fees of $350.00, with interest continuing to accrue at the *per diem* rate of $193.56.

        C.        The Bank further asserts that the Debtor's obligations to Bank, including the obligation to repay the Indebtedness, are secured by unavoidable, valid and perfected liens and/or security interests in certain assets of the Debtor (the "Collateral") including cash collateral, as that term is defined in Section 363(a) of Title 11 of the United States Code (the "Cash Collateral"). The Debtor currently does not have any facts or basis to object to the validity, perfection, or priority of the Bank's lien. The Cash Collateral includes all of Holiday Ham Holding, LLC's business assets, including, without limitation, accounts and general intangibles pertaining to certain Property, and all products and proceeds thereof. To further secure the repayment of the Indebtedness a UCC Financing Statement was recorded with the Tennessee Secretary of State as document number 424335603 (the "UCC-1") and extended with the Tennessee Secretary of State as document number 432866053.

        3.        The Bank has agreed to allow the Debtor to use the Cash Collateral in the ordinary course of the Debtor's business pursuant to Section 363(c)(2)(A) of Title 11 of the United States Code in accordance with the terms and conditions of this Order. The terms and conditions of this Order are in the best interests of the Debtor, its creditors and the bankruptcy estate.

        4.        The Debtor believes it is necessary to use Cash Collateral in order to continue present business operations, and that the Bank is entitled to certain protections including those

agreed to herein.

Based upon the foregoing and good and sufficient cause appearing therefor, it is hereby ORDERED:

1. The Debtor is hereby authorized to use Cash Collateral, subject to and upon the terms and conditions of this Order, for the payment of certain expenses in the ordinary course of business.

2. The Debtor is further authorized to use cash collateral to pay amounts and/or any fees payable to the Clerk of the Court and to the United States Trustee.

3. Notwithstanding anything in this Order to the contrary, the Debtor's right to use any Cash Collateral shall immediately terminate upon the occurrence of any one or more of the following (each a "Terminating Event"): this case is converted to a Chapter 7 or 13 under the Bankruptcy Code or is dismissed; the Debtor or any other party in interest files a motion in this case without the consent of the Bank to use Cash Collateral or to approve financing pursuant to Section 364 of the Bankruptcy Code that would grant an additional security interest or lien on any Collateral; an order is entered granting relief from the stay to any party other than the Bank as to any of the Property; an order is entered over the objection of the Bank granting a lien on any Collateral or granting an administrative claim in such case that is equal or superior to the administrative claim granted to the Bank pursuant to this Order; the Debtor files a motion, adversary proceeding, or initiates any other court proceedings or takes any other action, other than to enforce the automatic stay provided by Section 362 of the Bankruptcy Code or to enforce this Order, seeking to object to, set aside, avoid, assert defenses to, or contest the Indebtedness, the validity, perfection, priority or enforceability of the Indebtedness, the liens or security interests securing the Indebtedness, or any other claims or liens of the Bank against the Debtor or

its assets, including but not limited to claims and liens arising under this Order, or to obtain a monetary judgment or other relief against the Bank; this Order is modified without the Bank's consent, is vacated, stayed or is for any reason not binding on the Debtor; the Debtor fails to make the payment provided for in this Order; an Order is entered by the Court under Section 506(c) of Title 11 of the United States Code without the Bank's consent awarding recovery of any costs and expenses from the Collateral; Debtor or any other party in interest files a plan of reorganization that purports to affect the Bank's claims, to which plan the Bank has not consented in writing; an order is entered for the sale of any Collateral to which the Bank objects; or the Debtor fails to comply with any provision of this Order.

4. To secure the aggregate amount of all Cash Collateral used by the Debtor and to secure any diminution in the value of the Bank's interest in its Collateral, the Bank is hereby granted, without need of further act or documentation, a first priority replacement lien and security interest under Sections 361(2) and 363(e) of Title 11 of the United States Code, on all of its Collateral and all collateral of the same or similar type (whether arising before or after the Petition Date), and all proceeds, product, offspring, rents, or profits thereof (including, without limitation, all improvements, additions, fixtures, and personal property constructed or placed upon its Collateral on or after the Petition Date, and all proceeds, products, offspring, rents, or profits thereof).

5. To the extent the liens and security interests granted this Order prove insufficient to secure any diminution in value of the Bank's interest in its Collateral the Bank is hereby granted an administrative priority claim pursuant to Section 507(b) of Title 11 of the United States Code to secure any such diminution in value. Any such Section 507(b) claim of the Bank shall be equivalent in priority to a claim under Section 364(c)(1) of Title 11 of the United States

Code and shall have priority over all other costs and expenses in this or any subsequent proceedings under the Bankruptcy Code, including but not limited to any conversion of these proceedings under Section 1112 of Title 11 of the United States Code, except for U.S. Trustee Quarterly Fees.

6.     The security interests and liens of the Bank referenced herein shall be deemed created and perfected without the necessity of the execution, filing or recording of any documents otherwise required under bankruptcy or non-bankruptcy law for the creation or perfection of security interests and liens. Notwithstanding the foregoing, the Debtor shall, upon request of the Bank, execute and deliver such documents as may be requested by the Bank to create and/or perfect the security interests and liens described herein under applicable non-bankruptcy law and the Bank shall be authorized to file and record such documents thereto and take such other actions as may be necessary to perfect such security interests and liens under all such laws and to correctly describe the collateral subject hereto.

7.     The Bank's consent to the Debtor's use of Cash Collateral as provided for herein is expressly conditioned upon the Debtor complying with the terms and provisions of this Order. The Debtor shall not use Cash Collateral for any purpose not expressly authorized pursuant to the terms of this Order and under the ordinary course of business.

8.     Since the filing of the Chapter 11 bankruptcy case, Pinnacle Bank has been paid $175,00.00 from sale of assets August 11, 2023, and the Bank will amend their claim to reflect such payment.

9.     The Debtor acknowledges it continues to use the Collateral on a regular basis and that the Collateral's value is depreciating due to its regular use and the passage of time. To adequately protect the Bank's lien from this ongoing diminution in Collateral value, the Debtor

and the Bank have agreed to continue to negotiate the need for monthly payments in an amount to be determined at the Final Hearing on Motion to Prohibit Use of Case Collateral currently scheduled for October 18, 2023.

10. The Debtor shall continue to maintain insurance with respect to all Collateral for the purposes and in the amounts maintained by the Debtor in accordance with the requirements of the Debtor's agreements with the Bank.

11. The Bank and its employees, affiliates, representatives, attorneys, professionals, and consultants shall be granted full access to the Collateral Debtor in accordance with the requirements of the Debtor's agreements with the Bank for purposes of inspection and appraisal.

12. In the event that the Debtor defaults on any term or condition of this Order, the Bank shall be granted relief from the automatic stay with respect to its Collateral and the Collateral shall be deemed abandoned by the bankruptcy estate without further hearing or order of this Court if such default is not cured within ten (10) business days from the date that notice is delivered to the Debtor, the Debtor's counsel and the United States Trustee by electronic delivery through the Court's CM/ECF system, hand-delivery, e-mail or facsimile transmission.

13. The foregoing provisions are intended to provide adequate protection to the Movant; however, nothing herein shall act as a release or waiver of Movant's rights and remedies, including Movant's right to take such steps as filing an objection to the Chapter 11 plan based on plan treatment or as it deems necessary or appropriate to protect its interests further in the Debtors' Chapter 11 case.

14. Nothing included herein shall prejudice, impair, or otherwise affect undersigned creditor's rights to seek any other or supplemental relief or additional adequate protection, or the Debtor's right to oppose the same.

15. The provisions of this Order do not constitute a finding by the Court that the provisions of this Order are sufficient to adequately protect the Bank's interest in its Collateral.

16. The automatic stay pursuant to Section 362 of Title 11 of the United States Code is hereby lifted and modified to the extent and only to the extent necessary to permit the actions and events set forth in this Order to occur and/or be taken by the Bank. The stay under Rule 4001(a)(3), Federal Rules of Bankruptcy Procedure, shall not apply.

THIS ORDER WAS SIGNED AND ENTERED ELECTRONICALLY AS INDICATED AT THE TOP OF THE FIRST PAGE

PREPARED FOR ENTRY:

*/s/ Matthew R. Murphy*
Matthew R. Murphy (#24627)
**Smythe Huff & Murphy, PC**
1222 16th Ave. S., Ste. 301
Nashville, Tennessee 37212
(615) 255-4849
mmurphy@smythehuff.com
Attorney for Pinnacle Bank

*/s/ Toni Campbell Parker (by permission)*
Toni Campbell Parker (#6984)
45 North Third Ave., Ste. 201
Memphis, Tennessee 38103
(901) 483-1020
tparker002@att.net
Attorney for Debtor

*/s/ Craig M. Geno (by permission)*
Craig M. Geno (#4793)
**Law Offices of Craig M. Geno, PLLC**
587 Highland Colony Pkwy
Ridgeland, MS 39157
(601) 427-0048
cmgeno@cmgenolaw.com
Subchapter V Trustee