**UNITED STATES BANKRUPTCY COURT**
**WESTERN DISTRICT OF TENNESSEE**
**WESTERN DIVISION**

| | |
|---|---|
| IN RE:  HOLIDAY HAM HOLDINGS, LLC, | Case No. 23-23313-MRH |
| DEBTOR. | Chapter 11 |

**UNITED STATES TRUSTEE'S MOTION TO DISMISS**
**OR CONVERT CASE PURSUANT TO 11 U.S.C. § 1112(b)**

Paul A. Randolph, the Acting United States Trustee for Region 8 ("U.S. Trustee"), in furtherance of his administrative responsibility, hereby moves this Court for an order dismissing or converting to Chapter 7 the above numbered and captioned Chapter 11 case under 11 U.S.C. § 1112(b).  In support of his motion, the United States Trustee respectfully states and represents as follows:

1. This Court has subject matter jurisdiction under 28 U.S.C. §§ 1334, 157(a), and the standing order of reference. This is a core proceeding pursuant to 28 U.S.C. § 157(b)(2)(A) and (O). The predicate for the relief requested herein is Bankruptcy Code section 1112(b).

2. Pursuant to 28 U.S.C. § 586, the United States Trustee is charged with the administrative oversight of cases commenced pursuant to Title 11 of the United States Bankruptcy Code. This duty is part of the United States Trustee's overarching responsibility to enforce the bankruptcy laws as written by Congress and interpreted by the courts.  *See United States Trustee v. Columbia Gas Sys., Inc. (In re Columbia Gas Sys., Inc.)*, 33 F.3d 294, 295-96 (3d Cir. 1994) (noting that U. S. Trustee has "public interest standing" under 11 U.S.C. § 307, which goes beyond mere pecuniary interest); *Morgenstern v. Revco D.S., Inc. (In re Revco D.S.,*

*Inc.)*, 898 F.2d 498, 500 (6th Cir. 1990) (describing the U. S. Trustee as a "watchdog"). Pursuant to 11 U.S.C. § 307, the United States Trustee has standing to bring the instant Motion to Dismiss.

3.    On July 7, 2023, Holiday Ham Holdings, LLC ("Debtor") filed a voluntary petition under Subchapter V of Chapter 11 of Title 11 of the United States Code ("Bankruptcy Code"). The Debtor is a holding company for two restaurants.

4.    Section 1112 (b) provides:

> . . . the court shall convert a case under this chapter to a case under chapter 7 or dismiss a case under this chapter, whichever is in the best interests of creditors and the estate, for cause unless the court determines that the appointment under section 1104(a) of a trustee or an examiner is in the best interest of creditors and the estate.

Under section 1112(b), the Court determines whether dismissal or conversion is in "the best interest of creditors." The United States Trustee urges the Court to dismiss the instant case, or in the alternative, convert the case to a case under Chapter 7.

5.    The Debtor is required to file monthly operating reports under 11 U.S.C. §§ 704(a)(8), 1107(a), and 1106(a)(1). The Debtor has failed to file a partial monthly operating report for the month of July (July 7 to July 31, 2023). The Debtor has also failed to file a monthly operating report for August. The September 2023 will be due prior to any hearing on this Motion. Failure to file monthly operating reports constitutes "cause" as contemplated by 11 U.S.C. § 1112(b)(4)(F) to dismiss or, in the alternative, convert the instant Chapter 11 case to one under Chapter 7.

6.    Operating Reports "are much more than busy work . . . They are the means by which creditors can monitor a debtor's post-petition operations." *In re Citi-Toledo Partners*, 170 B.R. 602 (Bankr. N.D. Ohio 1994) (quotation omitted). "A debtor's failure to make required financial disclosures, or otherwise to comply with orders of the court, may constitute valid cause

for dismissal." *Gribbins v. Farm Credit Servs. of Mid-Am.*, 43 F. App'x 861,863 (6th Cir. 2002) (unreported) (finding "cause" under an analogous provision in a chapter 12 case). "[N]either the Court nor the creditors should have to coerce or implore the Debtor as a fiduciary into filing timely, accurate and complete monthly operating statements while at the same time the Debtor is asking for the pervasive protection afforded by the Bankruptcy Code." *Id.* at 863-64 (quotation omitted). As no operating reports have been filed in the case the United States Trustee and other parties in interest have no information about the Debtor's post-petition operations or whether the Debtor is in compliance with the Bankruptcy Code and applicable non-bankruptcy law, including the payment of post-petition taxes.

7. Per 11 U.S.C. § 1189 (b), the deadline for the Debtor to file a plan was October 5, 2023. The Debtor has failed to file a Plan. Failure to file a Plan constitutes "cause" as contemplated by 11 U.S.C. § 1112(b)(4)(J) to dismiss or, in the alternative, convert the instant Chapter 11 case to one under Chapter 7.

8. On July 17, 2023, the United States Trustee conducted an Initial Debtor Interview ("IDI") with the Debtor and Debtor's attorney. The purpose of the IDI was to exchange information. Among other things, the Debtor was to provide information and documentation about its financial affairs and businesses.

9. Both before, during, and after the IDI, the United States Trustee requested that the Debtor provide certain documents. To date, the Debtor has failed to provide the following documents:

- Updated Bank Account Declaration
- Bank Account Signature Card

Failure of the Debtor to provide information reasonably requested by the United States Trustee constitutes "cause" to dismiss or convert the Debtor's case pursuant to 11 U.S.C. § 1112(b)(4)(H).

10. It is well established that debtors who fail to perform their functions may not utilize Chapter 11 to prolong control over their estate when there is no benefit to the public or creditors. *In re Hi-Toc Development Corp.*, 159 B.R. 691, 693 (S.D.N.Y. 1993). *See also, In re Trident Associates Ltd. Partnership*, 52 F.3d 127, 132 (6th Cir 1995) (case can be dismissed for bad faith).

11. Therefore, based upon the foregoing, the United States Trustee asserts that cause exists to dismiss the Debtor's Chapter 11 case, or in the alternative, convert the Debtor's Chapter 11 case to a case under Chapter 7.

WHEREFORE, THE ABOVE PREMISES CONSIDERED, the United States Trustee requests that:

1. The Court dismiss the instant Chapter 11 case.

2. In the alternative, the Court convert the instant Chapter 11 case to a case under Chapter 7.

3. The Court grant the United States Trustee such additional general relief to which the United States Trustee may be entitled.

Respectfully submitted,

PAUL A. RANDOLPH
ACTING UNITED STATES TRUSTEE, REGION 8

/s/ Jamaal M. Walker
JAMAAL M. WALKER, Trial Attorney (#33764)
United States Department of Justice
Office of the United States Trustee
200 Jefferson Avenue, Suite 400
Memphis, Tennessee 38103
(901) 544-3210
jamaal.walker@usdoj.gov

**CERTIFICATE OF SERVICE**

I, Jamaal M. Walker, hereby certify this 6th day of October, 2023 service of a true and accurate copy of the foregoing by electronic means and/or via regular U.S. Mail, postage prepaid, to the following persons in accordance with Guideline 19B of the Amended Guidelines for Electronic Filing.

/s/ Jamaal M. Walker, Trial Attorney (#33764)

Debtor
Attorney for the Debtor
Subchapter V Trustee
All parties listed on the matrix