# IN THE UNITED STATES BANKRUPTCY COURT
# FOR THE WESTERN DISTRICT OF TENNESSEE
# WESTERN DIVISION

| | |
|---|---|
| In Re: ) | |
| ) | |
| HOLIDAY HAM HOLDINGS, LLC, ) | Case No. 23-23313 |
| ) | Chapter 11 |
| Debtor. ) | |
| ) | |

**ERINWAY PARTNERS, L.P.'S LIMITED OBJECTION TO DEBTOR'S EXPEDITED MOTION TO SELL SUBSTANTIALLY ALL OF THE ASSETS OF HOLIDAY HAM HOLDINGS, LLC, FREE AND CLEAR OF LIENS, CLAIMS AND INTERESTS, WITH LIENS ATTACHING TO PROCEEDS OF SALE OUTSIDE ORDINARY COURSE OF BUSINESS PURSUANT TO 11 U.S.C. SECTION 363 AND ASSUMPTION AND ASSIGNMENT OF EXECUTORY CONTRACTS PURSUANT TO 11 U.S.C. SECTION 365**

COMES NOW ErinWay Partners, L.P. ("Landlord"), as a party-in-interest,[1] by and through the undersigned counsel, and files this Limited Objection to the Expedited Motion to Sell Substantially All of the Assets of Holiday Ham Holdings, LLC, Free and Clear of Liens, Claims and Interests, With Liens Attaching to Proceeds of Sale Outside Ordinary Couse of Business Pursuant to 11 U.S.C. Section 363 and Assumption and Assignment of Executory Contracts Pursuant to 11 U.S.C. Section 365 ("Motion to Sell") filed by Debtor Holiday Ham Holdings, LLC ("Debtor"). (Dkt. No. 101). In further support of this Objection, Landlord states as follows:

**BACKGROUND FACTS AND PROCEDURAL HISTORY**

---

[1] Landlord previously filed a Limited Objection to the Motion to Sell filed in the Holiday Erin LLC Bankruptcy Case, as well. However, and because the Motion to Sell was also filed in this case, Landlord is filing a largely identical objection herein to preserve its rights.

1

1. On July 7, 2023 ("Petition Date"), Debtor, the alleged parent and holding company of Holiday Erin LLC ("Erin"), filed a voluntary petition for relief under Chapter 11, Subchapter V of the United States Bankruptcy Code.

2. Debtor filed its Bankruptcy Schedules and Statement of Financial Affairs on July 23, 2023 (Dkt. No. 41), which were subsequently amended the following day (collectively, with the amendments, the "Schedules"). (Dkt. No. 43).

3. On July 28, 2023 ("Erin Petition Date"), Erin filed its own voluntary petition for relief under Chapter 11, Subchapter V of the United States Bankruptcy Code, as Case No. 23-23685 ("Erin Bankruptcy Case"). (Erin Bankruptcy Case Dkt. No. 1).

4. Both Debtor and Erin are currently operating as a debtors-in-possession pursuant to 11 U.S.C. § 1107(a).

5. Prior to the Petition Date, Holiday Ham and Turkey, Inc. and White Station Partners, L.P. entered into that certain Standard Commercial Shopping Center Lease (as amended and/or modified from time to time, the "Lease Agreement") for lease and use of the premises located at 585 Erin Drive, Memphis, Tennessee 38119 ("Premises"). The Lease Agreement was subsequently assigned to Erin and Landlord, respectively, such that Erin and Landlord are the current parties to the Lease Agreement.

6. In its Schedules, Debtor places a $600,000.00 going concern value on Erin, which includes the Lease Agreement and all equipment located at the Premises. *Id.*

7. Debtor filed the Motion to Sell on September 25, 2023 seeking to sell "all the assets" of Debtor via auction on October 25, 2023 at an unidentified time. Motion to Sell, ¶¶ 4, 13.

8. According to the Motion to Sell, the assets subject to sale at the requested auction include "all remaining assets of the Debtor and the executory contracts which will be proposed to be assumed and assigned subject to the terms of each executory contract which may or may not require consent of the holder of such contract." Motion to Sell, ¶ 7. Of course, the executory contracts would include the Lease Agreement.

9. The Motion to Sell does not provide any information as to (a) whether a stalking horse exists, (b) whether any bidders must be qualified in order to participate in the auction, or (c) who the Debtor anticipates may participate in the auction. Indeed, by filing the Motion to Sell, Debtor is simply seeking permission to conduct an auction, and no other specific information about a potential purchaser has been disclosed.

10. Moreover, and of particular importance to Landlord, the Motion to Sell does not provide any adequate assurance that any potential purchaser of the Debtor's assets (including the Lease Agreement) will be able to timely perform the obligations due and owing to Landlord under the Lease Agreement going forward.

11. As a result, Landlord files this Limited Objection in order to preserve its rights to object to any potential purchaser of Debtor's assets, including but not limited to the Lease Agreement, once the purchaser has been identified.

## **LIMITED OBJECTION**

12. Landlord does not have any objection to Debtor attempting to sell the assets of the bankruptcy estate at auction (subject to the reservations herein). However, because Debtor has not identified any prospective purchasers of the assets and/or parties who might assume and assign the Lease Agreement with Landlord, Landlord is unable to determine whether Debtor will be able to satisfy its burden to demonstrate adequate assurance of future performance under the Lease

Agreement. *See* 11 U.S.C. § 365(b)(1)(A). Therefore, Landlord files this limited objection in order to preserve its rights to object to any potential purchaser who expresses a desire to assume and assign the Lease Agreement.

13. In particular, Debtor should be obligated to carry its burden to establish adequate assurance of future performance under the Lease Agreement, and Landlord should be entitled to evaluate relevant factors such as the credit-worthiness and industry experience of any party who seeks to acquire the Lease Agreement.

14. Landlord also has several other tenants in and around the Premises, and some of the lease agreements with said tenants may contain negative covenants which would restrict certain uses on or in the Premises. Thus, Landlord should be permitted to evaluate any party who expresses a desire to assume and assign the Lease Agreement in order to ensure that such assignment will not trigger any defaults by the Landlord for any of the other leased properties located around the Premises.

15. Moreover, the Lease Agreement further provides that certain fixtures attached to the Premises shall remain upon the Premises and become property of Landlord upon the termination of the Lease Agreement. If any such assets are deemed fixtures and, as a result, property of the Landlord, Debtor does not have authority to sell such property.

16. Landlord also files this Limited Objection in order to ensure that the cure amounts due and owing Landlord under the Lease Agreement are similarly included in the record. As of the date of this filing, the amount required to cure the default under the Lease Agreement and assume and assign the Lease Agreement is $234,438.45.

17. Finally, Landlord further reserves its right to object to any potential assumption and assignment of the Lease Agreement based on the terms of the Lease Agreement, including the provisions contained therein.

18. Landlord's claim continues to increase. Debtor has not made rent payments to Landlord since May 2023, aside from a small payment of $5,000.00, which is not even enough to cover one-third of one month's rent. Even at the time of the May 2023 payment, Debtor was carrying a significant past due balance from prior years. Therefore, Landlord reserves the right to supplement this Limited Objection in order to update any cure amounts required to assume and assign the Lease Agreement and to object to any potential assignee of the Lease Agreement, whether based on the ability to provide adequate assurance or under the terms of the Lease Agreement.

WHEREFORE, ABOVE PREMISES CONSIDERED, Landlord files this Limited Objection in order to preserve its rights to object to any party who intends to assume and assign the Lease Agreement. Landlord further requests that this Court grant Landlord such other and further relief that the Court deems appropriate under the circumstances.

    Respectfully Submitted,

    BAKER, DONELSON, BEARMAN,
    CALDWELL & BERKOWITZ, P.C.

    /s/ *Locke Houston Waldrop*
    Locke Houston Waldrop (TNB # 033360)
    165 Madison Avenue, Suite 2000
    Memphis, Tennessee 38103
    Telephone: (901) 577-2385
    Email: lwaldrop@bakerdonelson.com

    ***Attorney for ErinWay Partners, L.P.***

## CERTIFICATE OF SERVICE

    I hereby certify that on the 10th day of October, 2023, a copy of the foregoing was served on the parties listed below by first-class mail, postage prepaid, unless said party is a registered CM/ECF participant who has consented to electronic notice, and the Notice of Electronic Filing indicates that Notice was electronically mailed to said party:

Holiday Erin LLC
9245 Poplar Ave., Ste. 5-146
Germantown, TN 38139-7903

Toni Campbell Parker
Law Office of Toni Campbell Parker
45 N. Third, Ste. 201
Memphis, TN 38103

Craig M. Geno
Law Offices of Craig M. Geno, PLLC
587 Highland Colony Parkway
Ridgeland, MS 39157

Jamaal M. Walker
Office of the United States Trustee
200 Jefferson Avenue, Suite 400
Memphis, TN 38103

U.S. Trustee
Office of the U.S. Trustee
One Memphis Place
200 Jefferson Avenue, Suite 400
Memphis, TN 38103

/s/ *Locke Houston Waldrop*
Locke Houston Waldrop