**UNITED STATES BANKRUPTCY COURT**
**WESTERN DISTRICT OF TENNESSEE**
**WESTERN DIVISION**

| | |
|---|---|
| IN RE:  HOLIDAY HAM HOLDINGS, LLC, | Case No. 23-23313-MRH |
| DEBTOR. | Chapter 11 |

**UNITED STATES TRUSTEE'S RESPONSE TO DEBTOR'S**
**EXPEDITED MOTION TO SELL SUBSTANTIALLY ALL OF THE ASSETS OF**
**HOLIDAY HAM HOLDINGS, LLC, FREE AND CLEAR OF LIENS, CLAIMS AND**
**INTERESTS, WITH LIENS ATTACHING TO PROCEEDS OF SALE OUTSIDE**
**ORDINARY COURSE OF BUSINESS PURSUANT TO 11 U.S.C. SECTION 363 AND**
**ASSUMPTION AND ASSIGNMENT OF EXECUTORY CONTRACTS PURSUANT TO**
**11 U.S.C. SECTION 365**

Paul A. Randolph, the Acting United States Trustee for Region 8 ("United States Trustee"), responds to the Debtor's Expedited Motion to Sell Substantially All of the Assets of Holiday Ham Holdings, LLC, Free and Clear of Liens, Claims and Interests, with Liens Attaching to Proceeds of Sale Outside Ordinary Course of Business Pursuant to 11 U.S.C. § 363 and Assumption and Assignment of Executory Contracts Pursuant to 11 U.S.C. § 365 ("Motion") filed by Holiday Ham Holdings, LLC ("Debtor"). The hearing on the Motion is scheduled for October 18, 2023.  In support of this Response, the United States Trustee states:

1.      Under (i) 28 U.S.C. § 1334, (ii) (an) applicable order(s) of the United States District Court for the Western District of Tennessee issued pursuant to 28 U.S.C. § 157(a), and (iii) 28 U.S.C. § 157(b)(2), this Court has jurisdiction to hear and determine the Motion and this Objection.

2.      Under 28 U.S.C. § 586(a)(3)(I), the United States Trustee is charged with monitoring applications filed under 11 U.S.C. § 327 "and, whenever the United States trustee

deems it to be appropriate, filing with the court comments with respect to the approval of such applications." This duty is part of the United States Trustee's responsibility to enforce the laws as written by Congress and interpreted by the courts. *See United States Trustee v. Columbia Gas Sys., Inc. (In re Columbia Gas Sys., Inc.)*, 33 F.3d 294, 295-96 (3d Cir. 1994) (noting that U.S. Trustee has "public interest standing" under 11 U.S.C. § 307 which goes beyond mere pecuniary interest); *Morgenstern v. Revco D.S., Inc. (In re Revco D.S., Inc.)*, 898 F.2d 498, 500 (6th Cir. 1990) (describing the U.S. Trustee as a "watchdog").

3.      Under 11 U.S.C. § 307, the United States Trustee has standing to be heard on the issues raised by this Objection.

4.      On July 7, 2023, the Debtor filed a voluntary petition under Subchapter V of Chapter 11 of Title 11 of the United States Code ("Bankruptcy Code"). Because the Debtor elected to proceed under Subchapter V, no creditors' committee was solicited and appointed. *See 11 U.S.C. §1102(a)(3).*

5.      On September 27, 2023, the Debtor filed the Motion seeking approval of the sale of business assets and assignment of executory contracts ("Assets").

6.      The United States Trustee and Counsel for the Debtor had a phone conference concerning this Motion on October 10, 2023.

7.      Counsel for the Debtor represented to the United States Trustee that the Debtor is searching for a buyer of the assets, including the lease with Erinway Partners LP.  The United States Trustee understands that no buyer has been identified yet, but the Debtor, through the Motion,is expressing to the Court that a sale as a going concern is its best option to maximize the value of the assets.

8.      The United States Trustee does not oppose the sale of substantially all of the assets of the Debtor, but files this Response out of an abundance of caution because what the Motion contends and requests lags in explaining what the Debtor actually intends to happen in the case.

9.      The Debtor is requesting in its Motion that the sale of assets by auction should be granted, but no Motion to Approve Bidding Procedures has been filed. A Motion to Approve Bidding Procedures needs to be filed to address the opening bid amount, overbid amounts, post bid procedures, etc. The Motion appears to combine approval for sale outside of ordinary course of business and approval of bidding procedures.

10.      The Debtor should confirm the adequacy of notice indicated by the Certificate of Service accompanying the Motion.  The Certificate indicated that service of the Motion was made on the "Attorney for United States Trustee, the Subchapter V Trustee, Secured Creditors of Debtor, Twenty Largest Unsecured Creditors, and All Creditors and Parties requesting Notice." By contrast, Fed.R.Bankr.P. 2002 (a)(2) requires that notice of a proposed sale other than in the ordinary course of business be made to "all creditors."  *See also* subdivision (c)(1), setting forth the "contents of notice" required for proceedings under (a)(2).

**WHEREFORE**, the United States Trustee requests that the Court:

1.      Deny the Motion pending resolution of the issues raised herein.

2.      Grant the United States Trustee a hearing on this Response.

3.      Grant the United States Trustee such additional, general relief to which the United States Trustee may be entitled.

Respectfully submitted,

PAUL A. RANDOLPH,
ACTING UNITED STATES TRUSTEE, REGION 8

By:     /s/ Jamaal M. Walker
         JAMAAL M. WALKER, Trial Attorney (#33764)
         Office of the United States Trustee
         200 Jefferson Avenue, Suite 400
         Memphis, Tennessee 38103
         (202) 934-4166
         jamaal.walker@usdoj.gov

## CERTIFICATE OF SERVICE

I, Jamaal M. Walker, hereby certify this 11th day of October, 2023 service of a true and accurate copy of the foregoing by electronic means and/or via regular U.S. Mail, postage prepaid, to the following persons in accordance with Guideline 19B of the Amended Guidelines for Electronic Filing.

/s/ Jamaal M. Walker, Trial Attorney (#33764)

Debtor
Attorney for the Debtor
All parties requesting notice