**UNITED STATES BANKRUPTCY COURT**
**WESTERN DISTRICT OF TENNESSEE**

IN RE:    **HOLIDAY HAM HOLDINGS, LLC**                                              **CHAPTER 11**
             **Debtor**                                                                              **CASE NO. 23-23313**

**LIMITED RESPONSE AND OBJECTION OF THE SUBCHAPTER V TRUSTEE TO THE DEBTOR'S EXPEDITED MOTION TO SELL SUBSTANTIALLY ALL OF THE ASSETS OF HOLIDAY HAM HOLDINGS, LLC, FREE AND CLEAR OF LIENS, CLAIMS AND INTERESTS, WITH LIENS ATTACHING TO PROCEEDS OF SALE OUTSIDE ORDINARY COURSE OF BUSINESS PURSUANT TO 11 U.S.C. SECTION 363 AND ASSUMPTION AND ASSIGNMENT OF EXECUTORY CONTRACTS PURSUANT TO 11 U.S.C. SECTION 365**

COMES NOW Craig M. Geno, the Subchapter V Trustee in the above styled and numbered Chapter 11 case (the "Trustee"), and responds to the Debtor's *Expedited Motion to Sell Substantially All of the Assets of Holiday Ham Holdings, LLC, Free and Clear of Liens, Claims and Interests, with Liens Attaching to Proceeds of Sale Outside Ordinary Course of Business Pursuant to 11 U.S.C. Section 363 and Assumption and Assignment of Executory Contracts Pursuant to 11 U.S.C. Section 356* (the "Motion") **[DK #101]**, and in support thereof would respectfully show as follows, to-wit:

1. Generally, the Trustee is supportive of the Debtor's efforts to sell its assets as a going concern or going concerns.

2. However, the Trustee agrees with the points raised by the Office of the United States Trustee in that the Order granting the Motion should contain guidelines for due diligence, bidding, and auction procedures, as well as a procedure or procedures for confirming a sale or sales of assets.

3. The Trustee points out that the Court has previously entered an order requiring the Debtor to escrow $1,000 per month with the Trustee in order to provide a fund for payment of the Trustee's fees. The Debtor has not complied with the order. If the Debtor is so short of cash that it cannot afford $1,000 per month to pay into escrow (despite the fact that an order of the Court has

been entered requiring that), perhaps the Court and the Creditors should take a closer look at whether the Debtor actually needs to remain in Chapter 11 if it cannot afford to "pay the freight".

4. The Trustee does not want to derail the sale process, but is concerned that this may be an exercise in futility with cash as short as it apparently is.

5. Other grounds to be assigned upon a hearing hereof if necessary.

WHEREFORE, PREMISES CONSIDERED, the Trustee respectfully prays that upon a hearing hereof this Honorable Court will consider this limited response and objection in ruling upon the Motion. The Trustee prays for general relief.

THIS, the 11th day of October, 2023.

Respectfully submitted,

CRAIG M. GENO, SUBCHAPTER V TRUSTEE

By His Attorneys,

LAW OFFICES OF CRAIG M. GENO, PLLC


By: */s/ Craig M. Geno*
　　　Craig M. Geno


OF COUNSEL:

Craig M. Geno; MSB No. 4793
LAW OFFICES OF CRAIG M. GENO, PLLC
587 Highland Colony Parkway
Ridgeland, MS 39157
601-427-0048 - Telephone
601-427-0050 - Facsimile
cmgeno@cmgenolaw.com
N:\Firm Data\Users\Bankrupt\Subchapter V Cases\Holiday Ham Holdings, LLC\Pleadings\Ltd Resp and Obj of SubV Trustee to the Debtor Exp Mot to Sell 10-11-23.wpd

## **CERTIFICATE OF SERVICE**

I, Craig M. Geno, do hereby certify that I have caused to be served this date, via electronic filing transmission, a true and correct copy of the above and foregoing to the following:

Jamaal Walker, Esq.                     Matthew R. Murphy, Esq.
Office of the United States Trustee     mmurphy@smythehuff.com
jamaal.walker@usdoj.gov

Toni Campbell Parker, Esq.
tparker002@att.net

THIS, the 11th day of October, 2023.

*/s/ Craig M. Geno*
Craig M. Geno