**THE UNITED STATES BANKRUPTCY COURT
FOR THE WESTERN DISTRICT OF TENNESSEE
MEMPHIS DIVISION**

| | |
|---|---|
| IN RE:<br><br>**HOLIDAY HAM HOLDINGS, LLC,**<br><br>Debtor. | Case No. 23-23313<br><br>Chapter 11<br><br>Judge Ruthie Hagan |

**MOTION OF GORDON FOOD SERVICE, INC. FOR ALLOWANCE
AND PAYMENT OF 503(B)(9) ADMINISTRATIVE EXPENSE CLAIM**

**BACKGROUND**

1. On July 7, 2023 (the "Petition Date"), Holiday Ham Holdings, LLC ("Debtor") commenced its chapter 11 case by filing a voluntary petition for relief under chapter 11 of the Bankruptcy Code with this Court.

2. On July 13, 2023, pursuant to 11 U.S.C. § 1183 (a), the United States Trustee appointed Craig Geno as the Subchapter V trustee in the above-captioned case.

3. Prior to the Petition Date, Gordon Food Services, Inc. ("Creditor") sold a variety of food products (collectively, the "Goods") to the Debtor in the ordinary course of business. Within twenty (20) days prior to the Petition Date (i.e., between June 17, 2023 and the Petition Date), the Debtor received deliveries of Goods on credit terms from Creditor (the "20-Day Deliveries"). The total value of the 20-Day Deliveries is $10,663.15 (the "503(b)(9) Claim"). True and correct copies of the invoices for the 20-Day Deliveries are annexed hereto collectively as **Exhibit A**.

**RELIEF REQUESTED**

4. By this Motion, Creditor respectfully requests that the Court enter an Order allowing an administrative expense claim for the full value of the Goods delivered to, and received by, the

Debtor during the twenty (20) days prior to the Petition Date, as permitted by 11 U.S.C. §503(b)(9), and ordering the Debtor to pay said amount not later than seven (7) days after entry of the order approving this Motion.

## BASIS FOR RELIEF

5.   Section 507(a) of the Bankruptcy Code grants priority to administrative expense claims that are allowed under § 503(b) of the Bankruptcy Code. *See* 11 U.S.C. § 507(a)(2). Section 503(b)(9) provides that "[a]fter notice and a hearing, there shall be allowed administrative expenses, other than claims allowed under section 502(f) of this title, including— (9) the value of any goods received by the debtor within the 20 days before the date of commencement of a case under this title in which the goods have been sold to the debtor in the ordinary course of such debtor's business." 11 U.S.C. § 503(b)(9).

## ARGUMENT

6.   As of the Petition Date, the Debtor owes Creditor $10,663.15 for the delivery of Goods received by Debtor within the twenty (20) days prior to the Petition Date. There is no question that the Goods sold to Debtor constitute "goods," that these deliveries were received by Debtor within the 20 days prior to the Petition Date, and that the Goods were sold to (and used by) Debtor in the ordinary course of its business.

7.   Creditor, easily meeting the statutory requirements set forth above, is entitled to an allowed administrative expense claim in the total amount of $10,663.15 which is the total amount of Goods that Debtor received during the twenty (20) day period preceding the Petition Date.

8.   Creditor further requests that the Court direct Debtor to pay Creditor on account of its administrative expense claim within seven (7) days after the Court's entry of an Order

granting this Motion, as other claimants potentially entitled to administrative priority, (e.g., the Debtor's professionals and those of the Committee) are slated to be paid on an on-going basis and the Debtor should not be allowed to single out particular administrative claims for immediate payment while deferring others.

**WHEREFORE**, Creditor respectfully requests that the Court enter an order, in the form attached hereto: (i) allowing its § 503(b)(9) administrative expense claim in the amount of $$10,663.15; (ii) directing payment of Creditor's administrative expense claim within seven (7) days following the Court's entry of such order; and (iii) granting Creditor such other and further relief as the Court deems just and proper.

Date: October 23, 2023                                                       .

                                                Jason M. Torf, Esq.
                                                **TUCKER ELLIS LLP**
                                                233 S. Wacker Dr., Suite 6950
                                                Chicago, Illinois 60606
                                                Telephone:    (312) 624-6300
                                                Facsimile:     (312) 624-6309
                                                Email:   jason.torf@tuckerellis.com

## CERTIFICATE OF SERVICE

I hereby certify that a true and exact copy of the foregoing was electronically filed with the Court, served via CM/ECF Electronic Mail on the Debtors' Attorney, the U.S. Trustee, the Subchapter V Trustee on October 23, 2023.

                                                        /s/ Jason M. Torf
                                                           Jason M. Torf