

**REAL ESTATE SALES CONTRACT**
MORRIS REALTY & AUCTION
2133 Whitten Rd, Memphis, TN 38133
901.565.7770  fax 901.565.7745

RECEIVED of the undersigned buyer ("Buyer") the sum of $ 17,500.00  as a deposit (the "Deposit") for the purchase of the following described Personal Property (the "Property"):

Those certain assets of Holiday Ham Holdings, LLC know as:

a.) all tangible and intangible personal property furniture, fixtures, and equipment located on premises and used by debtor in the operation of the two (2) Holiday Deli & Ham stores located at 585 Erin Drive Memphis and 7652 Poplar in Germantown including such executory contracts which shall be assumed and assigned to purchasers pursuant to section 363 of the bankruptcy code if approved by court (the restaurant Operation)

b.) The recipes and non-exclusive rights to use the recipes for Pimento cheese, chicken salad, tuna salad, egg and olive salad, black bean corn salad, cheese dip, salsa and salad dressings in the restaurant operation to be marketed under the Holiday Deli and Ham Co. (holiday Ham) trademark( collectively the "recipes");

c.) Inventory of Holiday Hams existing as of date of the closing of the purchase (the "inventory"); and
Rights to intellectual property used at or in connection with the operation of the Restaurant  Operations known as Holiday Ham & Deli including registered trademarks for the "Holiday Ham & Deli", if any, all telephone numbers, email addresses, websites, and advertising logos.

*(property description)*

The undersigned seller, Holiday Ham Holdings, LLC  and Chap 11 Bankruptcy Attorney, Toni Parker in her capacity as Attorney for the Chapter 11 bankrupt estate of Holiday Ham Holdings, LLC Case #2:23 – bk-23313 ("Seller"), covenants and agrees to sell and convey the Property by good and sufficient Bill of Sale to Buyer, or Buyer's assignee (Buyer, however, shall not be released from Buyer's obligations as set forth herein), and Buyer covenants and agrees to purchase the Property for the following consideration:

**Purchase Price: One Ninety- Two Thousand Five Hundred Thousand Dollars (US)         $192,500.00),**

(Comprised of a Bid Amount of $ 100,000.00 (for 7652 Poplar assets) plus $75,000.00 (for 585 Erin Dr assets) plus a 10% Buyer's Premium total of $ 17,500.00 )

***The terms of the sale shall be as follows:***

1. **All cash at closing** of which the Deposit is a part and included in the Purchase Price.  The Deposit shall be held in escrow by Morris Realty & Auction ("Morris") until closing.  Morris Realty & Auction shall be paid the amount of the buyer's premium as its earned fee at closing from the Purchase Price.  If the buyer fails to close after Bankruptcy Court Approval for any reason, the deposit shall be forfeited by the Buyer and paid to Morris within two (2) business days after the scheduled closing date or the notice is received from the buyer that they do not intend to close, whichever date is sooner.

2. **Court Approval**.  This agreement is subject to the approval by United States Bankruptcy Court for the Western District of Tennessee (the "Bankruptcy Court") in the case of In Holiday Ham Holdings , LLC Case No. 2:23-bk-23313 (the "Bankruptcy Case").  This agreement will become binding on the parties signing below once the Bankruptcy Court has approved this agreement by entry of an order approving the sale of the Property and such order becoming a final order no longer subject to timely appeal.  In the event the Bankruptcy Court does not approve this agreement, all deposits shall be returned to Buyer and neither party shall have any action against the other.

3. **No Contingencies**.  Buyer is buying this property with no contingencies whatsoever except those as provided in this contract relating to Bankruptcy Court approval and Landlord/Assignee joint approved transfer and assignment of the leases to the properties located at 585 Erin Drive Memphis and 7652 Poplar in Germantown.  Buyer's obligation to close shall not be subject to any financing contingency.  Buyer reserves the right to obtain a loan. Failure to close due to lack of funds shall be considered a default by Buyer.

4. **Closing Date.**  Unless otherwise stated, the closing contemplated hereby shall take place on or before ten (10) days after the date of execution hereof by the last party to sign resulting Bankruptcy Court Approval. Closing attorney for seller shall be **[Toni Parker Smith, Esq.]**.  Closing attorney for Buyer shall be_____.

5. **Title**. The Property shall be conveyed free and clear of all liens, claims, interests and encumbrances pursuant to an order so providing entered by the Bankruptcy Court in the Bankruptcy Case.  At closing, settlement and payment of the balance of the purchase price shall be made in cash or by cashier's check upon presentation of Bill of Sale.  In the event of a controversy regarding title, an Order of the Bankruptcy Court shall constitute and shall be accepted by Buyer as conclusive evidence of good and merchantable title.

6. If Seller breaches this Contract, Buyer may demand and recover the immediate return of the Deposit in full satisfaction of any

Rev 10/2010                                                                          _____  _____  _____
                                                                                                initials         initials         initials

   damages and as the sole remedy for Seller's breach.

7. If Buyer breaches this Contract, Seller shall have the right to (a) declare this Contract canceled and recover full damages for its breach,  (b) to elect to affirm this Contract and enforce its specific performance and the Deposit shall be retained by Morris to the extent of the Buyer's Premium with any excess to be paid to Seller, or (c) resell the subject property either publicly or privately and in such event, the Buyer shall be liable for payment of any deficiency plus all costs, including, but not limited to the holding costs of the property, the expenses of both sales, legal and incidental damages of both the Seller and Morris.  Morris also reserves the right to recover any damages from the breach of the Buyer.

8. **Closing Costs**.  Seller shall be responsible for paying preparation of Bill of Sale of the Property.  Should Seller require additional attorney fees not specifically related to the closing of the Property (such as probate or estate related matters), Seller shall be responsible for such fees. Buyer shall pay for its owns costs associated with the sale and transfer of the Property.  Right of Possession shall be given with delivery of court approved sale and payment of Purchase Price.

9. **Property Taxes**. All past and unpaid taxes for prior years shall be the responsibility of the Buyer. **PROPERTY IS BEING SOLD SUBJECT TO ALL DUE AND PAST DUE AD VALOREM TAXES.**

10. **THE PROPERTY SHALL BE CONVEYED AND ACCEPTED IN "AS IS" CONDITION.  EXCEPT AS EXPRESSLY SET FORTH IN THIS CONTRACT, NEITHER SELLER, NOR SELLER'S AGENT, NOR MORRIS, HAS OR WILL MAKE ANY WARRANTIES OR REPRESENTATIONS OF ANY KIND OR CHARACTER, EXPRESSED OR IMPLIED, WITH RESPECT TO THE PROPERTY, INCLUDING, WITHOUT LIMITATION, ANY WARRANTY OR REPRESENTATIONS TO THE TITLE, ACREAGE, CONDITION, STATE OF REPAIR, STRUCTURAL INTEGRITY, HABITABILITY, DESIGN, QUALITY, MERCHANTABILITY, CONDITION, ENVIRONMENTAL STATUS, MATTERS OF SURVEY OR FITNESS FOR ANY PARTICULAR PURPOSE, ALL OF WHICH ARE EXPRESSLY DISCLAIMED.  Except for the warranties and representations expressly set forth in this Contract, Buyer is relying solely on its own expertise and information.  Buyer has conducted such investigations and inspections of the Property, as it deemed necessary and/or appropriate and shall rely upon the same**. **If Buyer is obtaining a loan to purchase this property and the lender to the Buyer requires any repairs, then all repairs shall be performed by the Buyer at Buyer's sole expense.  Any damages caused by the Buyer or Buyer's agent, contractor or sub-contractor shall be repaired to the satisfaction of Seller at Buyer's sole expense. Seller shall not be obligated to provide any Property Condition Disclosure which may be required under the Tennessee Residential Property Condition Disclosure Act.**

11. Time shall be of the essence of this Contract and of the respective obligations of the parties hereto.

12. Buyer and Seller explicitly covenant one with the other to relate to one another, in all matters concerning this Contract, in good faith and with fair dealing.

13. Both Buyer and Seller shall indemnify Morris for and hold harmless Morris from any costs, losses, liabilities, or expenses, including attorney fees resulting from either Buyer's or Seller's failure to fulfill any obligations and undertakings as set forth in this Contract.

14. **Disclaimer.** It is understood and agreed that the real estate firms and real estate licensee(s) representing or assisting the Seller or Buyer are not parties to this Agreement and do not have or assume liability for the performance or nonperformance of Seller or Buyer. Buyer and Seller agree that Morris shall not be responsible for any of the following, including but not limited to those matters which could have been revealed through a survey, flood certification, title search or inspection of Property; for the condition of Property, any portion thereof, or any item therein; for the necessity or cost of any repairs to Property; for hazardous or toxic materials; for the tax or legal consequences of this transaction; for the availability, capability, and/or cost of utility, sewer, septic, or community amenities; for applicable boundaries of school districts or other school information; for the appraised or future value of Property; square footage of Property; any condition(s) existing off Property which may affect Property; for the terms, conditions, and availability of financing; and for the uses and zoning of Property whether permitted or proposed. Buyer and Seller acknowledge that Morris are not experts with respect to the above matters and that, if any of these matters or any other matters are of concern to them, they shall should independent expert advice relative thereto.

15. **Attorneys' Fees and Costs**.  Should any party to this Contract bring an action against any other party to enforce any claim hereunder, the prevailing party or parties shall be entitled to recover all costs of said action and reasonable attorney fees, subject to the limitations provided in this Contract.  The term "prevailing party or parties" as used in this paragraph shall be defined as the party or parties in whose favor a court shall rule or against whom no relief is granted, provided such ruling becomes final and non-appealable.  The parties agree that any claims or lawsuits are to be filed in the jurisdiction of Shelby County, Tennessee and that the laws of the State of Tennessee shall govern this transaction and disputes that arise from it.

16. **Entire Agreement**.  This Contract contains the entire agreement of the parties relating to the subject matter hereof and shall not be changed except by their written consent, and shall be binding on the parties' successors and assigns. The parties hereto understand and agree that this Contract is subject to the terms and provisions of the bidder packet provided to all bidders at the auction and the

Rev 10/2010                                                              _____   _____   _____
                                                                          initials    initials    initials

4846-9714-0063 v2
2940943-000002 04/27/2018

terms and provisions of such bidder packet are incorporated herein by reference as if restated herein as part of this contract. In the event of any conflict between any term or provision of this Contract and any term or provision of the bidder packet, the terms and provisions of the bidder packet shall control.

17. **Counterpart signatures.** This Contract may be executed in multiple counterparts, each one of which shall be deemed an original, but all of which shall be considered together as one and the same instrument. It shall not be necessary or required that the signatures of all parties appear on a single signature page hereto.

18. **Facsimile signatures.** Delivery of the executed signature pages to this agreement may be made by facsimile or other electronic transmission. Any such signature pages sent by facsimile or other electronic transmission shall be deemed to be originals for all purposes, and copies of this Agreement containing one or more signature pages that have been delivered by facsimile or other electronic transmission shall constitute enforceable original documents.

**[Counterpart signature page follows]**

**Counterpart signature page**

Seller:  
Holiday Ham Holdings, LLC

Buyer:

_____ Date  
Mailing Address  
_____  
City, State, Zip  
_____  
Daytime Phone             Evening Phone  
_____  
Mobile Phone              Fax

_____ Date  
Mailing Address  
_____  
City, State, Zip  
_____  
Daytime Phone             Evening Phone  
_____  
Mobile Phone              Fax

*Receipt of the Deposit is hereby acknowledged: Morris Realty & Auction, LLC.* By:_____

44987114.v1

_____  _____  _____
initials  initials  initials